In re DEPARTMENT OF FAMILY
& PROTECTIVE SERVICES,
Relator.

No. 08–0524.

Supreme Court of Texas.

Argued Nov. 12, 2008.

Delivered Jan. 9, 2009.

Rehearing Denied Feb. 13, 2009.

Mimi Van Han, Sandra D. Hachem, Harris County Senior Assistant Attorney, Harris County Attorney's Office, Houston, TX, for Relator.

Douglas Ray York, Pavlad, Brown & York, L.L.P., Houston, TX, for Real Party in Interest.

Glenn H. Devlin, Devlin & Phillips, Kay Paul Whyburn, Houston, TX, for Person in Interest.

Alene Ross Levy, Haynes & Boone, L.L.P., Houston, TX, for Amicus Curiae.

Justice JOHNSON delivered the opinion of the Court in which Chief Justice JEFFERSON, Justice WAINWRIGHT, Justice GREEN, and Justice WILLETT joined.

The Department of Family and Protective Services brought this parental-rights termination case and was appointed temporary managing conservator of two children. The trial court ordered the mother's parental rights terminated before the one-year dismissal date prescribed by the Family Code, but then, after the dismissal date, granted the mother's motion for new trial. The trial court neither rendered another final order nor entered an extension order, and the mother moved to dismiss the case more than nineteen months after the Department was first appointed temporary managing conservator. Her motion to dismiss was denied. We hold that the Family Code required the case to be dismissed and the trial court abused its discretion by failing to do so.

## I. Background

The Department of Family and Protective Services filed suit to terminate K.W.'s parental rights to two children. On July 18, 2006, the trial court entered an order appointing the Department managing conservator of the children. In accordance with the Family Code in effect at the time, the order also set a dismissal date of July 23, 2007. See TEX. FAM.CODE § 263.401(a).[1] A bench trial took place on June 28, 2007 and July 10, 2007. On July 10, 2007, the judge orally ordered K.W.'s parental rights terminated. In August 2007, K.W. filed a motion for new trial. On August 21, 2007, the court entered a written order of termination, but on August 28, 2007, it granted K.W.'s motion for new trial. The court did not enter an order extending the time for which the case was to be retained on its docket. Id. § 263.401(b).[2]

The case was set for trial on December 4, 2007, but the trial was continued by agreement because the attorneys were in trial elsewhere and reset for April 22, 2008. On March 6, 2008, almost eight months after the one-year dismissal date, K.W. filed a motion to dismiss. The court denied the motion.

K.W. petitioned the court of appeals for mandamus directing the trial court to dismiss the case. The court of appeals held that the granting of a new trial had the legal effect of vacating both the July 10, 2007 and the August 21, 2007 orders of termination and returning the case to the docket as though there had been no previous trial or hearing. 265 S.W.3d 545, 550. It also held that because the effect of granting the new trial was to return the case to the docket, K.W.'s motion to dismiss was timely. Id. at 553; see TEX. FAM.CODE § 263.402(b).[3] The court of ap-

---

1. See Act of May 28, 1997, 75th Leg., R.S., ch. 600, 1997 Tex. Gen. Laws 2108, 2112 (amended 2007). Various parts of the Family Code have been amended since the Department filed suit in 2006. Unless otherwise specified, all references in this opinion are to the version of the statute in effect when the Department filed suit.

2. See Act of May 29, 2005, 79th Leg., R.S., ch. 268, 2005 Tex. Gen. Laws 621, 636 (amended 2007).

3. Act of May 22, 2001, 77th Leg., R.S., ch. 1090, 2001 Tex. Gen. Laws 2395, 2396–97 (amended 2007).

peals granted mandamus relief directing the trial court to dismiss the case.

One justice in the court of appeals dissented to the denial of en banc review and argued that the time limits specified in the Family Code are jurisdictional. 265 S.W.3d at 557–58 (Keyes, J., dissenting). The dissenting justice would have denied relief on the basis that the trial court lost jurisdiction to take any action when the one-year dismissal date passed and an extension order had not been entered. *Id.*

The Department asserts that the court of appeals abused its discretion and seeks a writ of mandamus ordering the court of appeals to vacate its directive to the trial court.

## II. Jurisdiction

■ If the dismissal dates set by the Family Code are jurisdictional, then the trial court had jurisdiction only to dismiss the case once the dates had passed, and its orders beyond those dates are void. Thus, we first address whether the trial court retained jurisdiction over the case after the time limits set by the Family Code had passed.

Family Code section 263.401, in relevant part, provided that when the Department files a suit to terminate the parent-child relationship and is appointed conservator of the children, as was the case here, then

(a) Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the depart-ment that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b) The court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a).

. . . .

(c) If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).[4]

■ In construing these statutory provisions, our objective is to determine and give effect to the Legislature's intent. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *see also* TEX. GOV'T CODE § 312.005; *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex.2000). We look first to the plain and common meaning of the statute's words. *Gonzalez*, 82 S.W.3d at 327. We determine legislative intent from the statute as a whole and not from isolated portions of it. *Id.*

4. Act of May 22, 2001, 77th Leg., R.S., ch. 1090, 2001 Tex. Gen. Laws 2395, 2396 (amended 2007).

Construing the relevant provisions according to the foregoing principles, we conclude that the trial court did not lose jurisdiction when the dismissal dates passed. Both subsections 263.401(a) and (b) provide time limits for which the trial court may retain the case on its docket, and for which it would clearly have jurisdiction. But, although subsection 263.401(a) provides for what is called the "one-year dismissal date" and subsection 263.401(b) provides for a 180–day extension of that one-year dismissal date (if the trial court finds that certain circumstances exist), nothing in the language of section 263.401 indicates that these deadlines are jurisdictional. The statute merely states that the trial court "shall dismiss the suit" and "may not retain the suit on the court's docket" when the deadlines expire. TEX. FAM.CODE § 263.401(a), (b).

■ On the other hand, section 263.402 provides that a party may waive its right to dismissal if the party "fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the deadline for dismissal." *Id.* § 263.402. Subject-matter jurisdiction, however, cannot be waived. *Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex.2008) (per curiam) (citing *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004)). Thus, if the Legislature intended for the deadlines to be jurisdictional, it would not

have expressly permitted them to be waived.[5]

Additionally, treating the statutory deadlines as jurisdictional could result in collateral attacks upon some termination orders well after completion of the termination proceedings and even after adoption of the children by other parties. *See Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000) ("[A] judgment will never be considered final if the court lacked subject-matter jurisdiction."). Construing the dismissal dates as jurisdictional would not be reasonable in light of the Legislature's rationale in promulgating them to begin with: prompt and final resolution of parental-rights termination cases. *See* TEX. GOV'T CODE § 311.021(3) (providing that it is to be presumed the Legislature intends just and reasonable results when it enacts statutes); *In re B.L.D.,* 113 S.W.3d 340, 353 (Tex.2003). We hold that the dismissal dates are not jurisdictional.

### III. Failure to Dismiss

### A. Standard of Review

■ We review a trial court's interpretation of the law de novo. *State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). A trial court has no discretion in determining what the law is or properly applying the law. *In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d 609, 612 (Tex.2006). If the trial court fails to prop-

---

**5.** The applicable language of the statute does not make the dismissal dates jurisdictional and we need not look further than the language itself. Nevertheless, we note that before the Legislature amended the statute in 2001, subsection 263.401(b) contained language specifically referencing jurisdiction. Act of May 31, 1997, 75th Leg., R.S., ch. 1022, 1997 Tex. Gen. Laws 3733, 3769. The 2001 amendments deleted the reference to jurisdiction and substituted language providing that a trial court could take actions that

allow it to "retain the suit on the court's docket for a period not to exceed 180 days." Act of May 22, 2001, 77th Leg., R.S., ch. 1090, 2001 Tex. Gen. Laws 2395, 2396. At the same time, the Legislature amended section 263.402 to provide that a party may waive its right to dismissal if the party "fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the deadline for dismissal." *Id.* at 2396–97.

erly interpret the law or applies the law incorrectly, it abuses its discretion. *Id.*

 Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). A court of appeals improperly issues mandamus if the trial court did not abuse its discretion or if the record fails to demonstrate the lack of an adequate remedy on appeal. *Id.*

## B. Discussion

The Legislature has granted the Department authority to take possession of children and file suit to seek the termination of parental rights, as it did in this case. *See* Tex. Fam.Code §§ 161.001, 262.001(a). However, the Legislature has prescribed with particularity how certain aspects of such suits must be conducted. The statute is clear that the suits must be dismissed on the first Monday after the first anniversary of the date the Department was appointed temporary managing conservator of the children, absent the rendering of a final order or the granting of an extension. *Id.* § 263.401(a); *see In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 612 ("Subsection 263.401(a) of the Texas Family Code requires a trial court to dismiss a SAPCR filed by the Department if a final order has not been rendered" by the deadline.). The court cannot just enter an extension order, though. In order for the suit to remain on the court's docket beyond the one-year dismissal date, the court must make specific findings to support the extension order: "the court *may not* retain the suit on the court's docket" after the one-year dismissal date unless the court makes specific findings as set out in the statute. Tex. Fam.Code § 263.401(b) (emphasis added). Even if a trial court enters an extension order, the suit may be retained on the court's docket for a maximum of 180 days after the one-year dismissal date, and the trial court must make specific provision in the order setting (1) the new dismissal date for not later than the 180–day limit, and (2) the trial on the merits for a date that complies with the 180–day limit. *Id.* § 263.401(b)(1), (3). A trial court may not grant a second extension to retain the suit on the court's docket beyond the 180–day limit. *Id.* § 263.401(c). Parties may not extend the deadlines set by the court "by agreement or otherwise." *Id.* § 263.402(a).[6]

 At the time K.W. moved for dismissal of the suit in March 2008, the

---

6. As the statute is clear by its terms, we do not consult extrinsic sources to construe it. We do note, however, that the statute's clear aim to help children awaiting adoption by requiring the Department to expedite termination proceedings is fleshed out in the House and Senate bill analyses. The House Bill Analysis states

> [The bill] would make the Texas adoption system more decisive, efficient and accountable. Statistics for fiscal years 1991–1995 show that children spent an average of 40.8 months in the state system before being adopted. For children, such a delay seems like a lifetime and can be extremely detrimental to healthy emotional development.... [The bill] would help provide [a stable] environment more quickly to chil-

dren in foster care by expediting the adoption process.

> The bill would do this by establishing a 12–month deadline for resolving each child's case. This would prevent children from remaining in the state's care for long periods of time or being moved through a long string of foster homes.

House Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. S.B. 34, 75th Leg., R.S. (1997). The Senate Bill Analysis states that subsections 263.401(a) and (b) "require" the trial court to dismiss the suit if the Department fails to obtain a final order within the one-year deadline or 180–day extension, if granted. Senate Comm. on Jurisprudence, Bill Analysis, Tex. S.B. 34, 75th Leg., R.S. (1997).

one-year dismissal date had passed as well as had the 180–day period for the trial court to retain the suit on its docket had it made the required findings for extending the date and entered an extension order, both of which it had not done. The trial court could have retained the suit if K.W. waived her right to dismissal by failing to make (1) a timely motion to dismiss, or (2) a motion requesting the court to render a final order before the deadline for dismissal. *Id.* § 263.402(b). The two motions are alternative methods of obtaining a dismissal. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 613. We agree with the court of appeals that K.W. did not waive her right to dismissal by failing to request that the trial court render a final order before the one-year dismissal date of July 23, 2007 because the trial court *did* render such an order on July 10. It would make no sense to hold that K.W. waived her right to dismissal when the trial court did exactly what she would have been required to request that it do to avoid waiver. Moreover, when the trial court granted a new trial, the one-year dismissal date had passed and another dismissal date had not been set. At that point, K.W. did not have an opportunity to request that the court enter a final order before a dismissal date. Because there was no final order in place as of the time K.W. filed her March 2008 motion to dismiss, her motion was timely when it was filed before the Department had introduced all its evidence, other than rebuttal evidence, at the pending trial on the merits. Tex. Fam.Code § 263.402(b). Thus, under the clear provisions of the Family Code, the trial court had no discretion to deny K.W.'s motion to dismiss the Department's suit and abused its discretion in doing so. *In re Tex. Dep't*

*of Family & Protective Servs.*, 210 S.W.3d at 612–13.

■ The Department argues that the trial court rendered a "final order" on July 10, 2007 before the one-year dismissal date and the rendition of that order allowed the court to retain the case on its docket. We agree that the trial court rendered a final order on July 10 when it orally pronounced the termination of K.W.'s parental rights. *See* Tex. Fam.Code § 101.026 (defining "render" to include an oral pronouncement in the presence of the court reporter); *Id.* § 263.401(d) [7] (providing that for the purposes of section 263.401, an order terminating the parent-child relationship and appointing the Department as managing conservator of the children is a final order). However, we disagree that the July 10, 2007 order survived the granting of a new trial.

■ When a trial court grants a motion for new trial, the case is reinstated on the trial court's docket as though no trial had occurred, and the slate is essentially wiped clean as to orders such as an oral pronouncement of judgment and written judgment based on the trial. *See In re Baylor Med. Ctr. at Garland*, —— S.W.3d ——, ——, 2008 WL 3991132 (Tex. Aug. 29, 2008). Therefore, both the written and oral orders terminating K.W.'s parental rights were vacated by the order granting a new trial. We agree with the Department that the order granting a new trial could be "ungranted" or set aside. *See id.* But if the trial court did so, the original oral order and written judgment terminating K.W.'s rights would not be reinstated; the trial court would have to enter a new judgment. *See id.*

---

7. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, 1997 Tex. Gen. Laws 2108, 2112 (amended 2007).

The Department also argues that an interpretation such as the one we make is unreasonable and unworkable because it would be rare or nearly impossible for a trial court to conduct a new trial and render a final order within the one-year statutory deadline if the trial court granted a new trial or an appellate court concluded a new trial was warranted. However, as for a trial court granting a new trial, there are two answers to the Department's argument. First, under the statute, the court may retain the case on its docket for up to an additional 180 days in order to conduct a new trial. TEX. FAM.CODE § 263.401(b). Second, the time limits are set by the Legislature, and it is not for courts to decide if legislative enactments are wise or if particular provisions of statutes could be more effectively worded to reach what courts or litigants might believe to be better or more equitable results. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003) ("Our role ... is not to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results; rather, our task is to interpret those statutes in a manner that effectuates the Legislature's intent."). As for an appellate court granting a new trial, section 263.401 requires dismissal only if the trial court has not rendered a final order by the prescribed or permitted dismissal dates. A predicate for appeal is the existence of a final order. *See* TEX. FAM.CODE § 263.405 (allowing an appeal of a "final order"). Further, the statutory deadlines mandate only the trial court's rendition of a final order, not deadlines after appellate review of such an order. The Legislature addressed appellate deadlines in section 263.405, and nothing in that provision creates deadlines after a final order has been appealed. *See id.*

The foregoing interpretation accords with our prior decisions as to the effect of new trial orders and respects the statutory construct. The Legislature set time limits with the intent to expedite resolution of cases of this type. *See In re B.L.D.*, 113 S.W.3d at 353. If rendering a timely order and then granting a new trial would suffice to allow the trial court to retain the case on its docket indefinitely despite motions to dismiss, the time limitations specified by the Legislature would effectively be nullified. We decline to adopt such a construction.

## C. Mandamus Relief

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464, 2008 WL 4051053 (Tex. Aug. 29, 2008). In cases involving child custody, "[j]ustice demands a speedy resolution," and we have acknowledged that appeal is "frequently inadequate to protect the rights of parents and children." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 613. Here, because the children would remain in the Department's custody despite its retaining them in violation of a statutory provision and it is unknown when the trial court would issue a final order subject to appeal, K.W. has no adequate remedy by appeal.

## D. The Dissents

The dissenting Justices would avoid requiring dismissal of the case by holding that because K.W. requested a new trial and later agreed with the Department to a trial setting beyond 180 days from the one-year dismissal date (even though the trial court had not made findings required for it to retain the suit on its docket for the 180 days or entered an order with a new dismissal date), she either waived or is estopped from asserting the trial court erred by denying her motion to dismiss. The Department does

not raise either of these theories in support of its position, and even if it did, they are not applicable here.

■ The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal. *See Tittizer v. Union Gas Corp.,* 171 S.W.3d 857, 862 (Tex.2005) ("[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine."); *see also Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94–95 (Tex.1999); *Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319, 321–22 (Tex.1984); *Patton v. Dallas Gas Co.,* 108 Tex. 321, 192 S.W. 1060, 1062–63 (1917). The only request K.W. made to the trial court in regard to dismissal was that the suit be dismissed. She does not assert error in regard to what she asked the trial court to do and it *did* do— grant her a new trial at a time the trial court was statutorily authorized to grant a new trial and enter an extension order setting a new dismissal date. She asserts error in regard to what she asked the trial court to do and it *did not* do—dismiss the Department's suit at a point in time beyond any statutorily authorized dismissal date. It was not incumbent on K.W. to advise the trial court of all the ramifications of its granting her motion for new trial. She was entitled to have the trial court consider the motion on its merits, and so far as the record before us shows, that is what the trial court did. The Department makes no claim that K.W. somehow tried to ambush the trial court, or that she had any motive in pursuing a new trial or in agreeing to a continuance of the December 4, 2007 trial date other than protecting her parental and familial rights. The record before us does not show that K.W. was the party who requested continuance of the December trial date; the docket sheet shows only that the court granted the continuance because the attorneys were in trial elsewhere. To the extent the dissents assert or imply that K.W. instigated continuance of the December trial date, the mandamus record does not support that position. K.W.'s actions do not come within the invited error rule.

■ As to estoppel, K.W. takes no position that differs from the one she took in the trial court. For a party to be estopped from asserting a position in an appellate court based on actions it took in the trial court, the party must have "unequivocally taken a position in the trial court that is clearly adverse to its position on appeal." *Tittizer,* 171 S.W.3d at 862; *see also Diamond Shamrock Ref. Co., L.P. v. Hall,* 168 S.W.3d 164, 170 (Tex.2005); *Scoggins v. Curtiss & Taylor,* 148 Tex. 15, 219 S.W.2d 451, 454 (1949). In the trial court, K.W. moved for a new trial and does not complain about the granting of that motion. In fact, none of the parties claim the trial court erred in granting a new trial. As noted above, K.W.'s complaint pertains to the trial court's refusal to dismiss the case long after it had granted the new trial but had not entered a final order. Nothing in the record before us or the briefs shows that she made any type of representation regarding her right to have the proceedings dismissed other than moving for dismissal. Certainly there is no indication she made a representation to the effect that the case would not be subject to statutory dismissal provisions if her motion for new trial were to be granted, or that she would not move for dismissal if the trial court and Department did not comply with statutory timeframes.

Further, the Family Code specifies that "the parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter *by agreement or otherwise.*" Tex. Fam.Code § 263.402(a) (emphasis added). Although K.W.'s motion for new trial might be construed as

impliedly waiving her right to complain that the Department failed to comply with the one-year dismissal date, it had nothing to do with the extended dismissal date the trial court was permitted to, but did not, set. The parties agreed to a continuance from the December 2007 trial date and that caused the case to be on the court's docket longer than the statutorily permitted 180–day extension period. The trial court was not authorized to extend the time for dismissal again. *Id.* § 263.401(c) ("The court may not grant an additional extension that extends the suit beyond the [180–day] required date for dismissal under Subsection (b)."). However, the agreed continuance which the trial court granted did not extend the dismissal deadline because the trial court never set a dismissal date beyond the one-year dismissal date; and even if it had, the statute specifically precludes parties from extending deadlines by agreement.

The Family Code evidences a clear intent by the Legislature to prevent cases from lingering on court dockets for extended periods beyond specified timeframes by agreement *or otherwise. Id.* § 263.402(a). The dissenting Justices would rely on the parties' agreed continuance to effectively negate the statutes' deadlines. That would offend the Family Code by (1) impermissibly extending the statutory deadlines, and (2) doing so by agreement of the parties.

The legal problem here is not one K.W. created, and she should not forfeit protections designed to assure prompt processing of both children and parents through the system because she sought to protect her rights via a procedural vehicle provided for by rule and by statute. *See* Tex.R. Civ. P. 320; Tex. Fam.Code § 263.405. Mo-

tions for new trial are not only allowed, but in some instances are required to preserve error. *See* Tex.R. Civ. P. 324(b); Tex.R.App. P. 33.1. Here, the result was the granting of a new trial—exactly what motions for new trial are designed to allow. The trial court did not set out its reasons for granting a new trial, but the judge apparently concluded that there was cause to grant the motion and retry the case.[8] And the statute allowed time for retrial if the trial court had proceeded according to the statute. It was up to the Department or the children's attorney, if the children's attorney believed it was in their best interests, to oppose K.W.'s motion for new trial or move for an extension order. The trial court could have addressed the issues of timeliness of trial settings and extension orders on its own, but did not do so. *See In re M.N.*, 262 S.W.3d 799, 802 (Tex.2008) (noting that where a parental termination statute gives the trial court authority to grant a deadline extension, the trial court should adhere to the statute's instruction). Or, the trial court could have denied the parties' agreed motion for continuance as to the December trial date. The one person who did *not* have a legal burden to tell the trial court the means by which to terminate her parental rights and who should not be penalized by the doctrines of invited error or estoppel for not doing so, is K.W.

The dissents charge that our holding, in effect, makes the deadlines non-waivable. That is wrong. We hold only that the statute specifies the requirements for a party to waive the deadlines, K.W. did not waive them as the statute provides she could, and this record does not show that K.W. otherwise waived them.[9] Tex. Fam. Code § 263.402(b).

---

8. The motion for new trial is not before us, but K.W.'s brief states that her motion was based on insufficiency of the evidence. The Department does not challenge that assertion.

9. The question of whether the statutory waiver provisions are the exclusive means by which K.W. could have waived the deadlines

■ The dissents also accuse the Court of giving no thought to the best interests of the children. That also is wrong. The members of this Court recognize the significance of this proceeding to the lives of the children involved—anyone would. But as noted above, it is the Legislature, not the judiciary, that has enacted the Family Code and given the Department the right to intrude into family relationships. And it is the Legislature that has placed limits and restrictions on how the Department can conduct its intrusions. As appellate judges, we cannot ignore or misconstrue statutory language on the basis that in a particular case we as individuals might disagree with the outcome dictated by the policy choices made and embodied in legislation. *See McIntyre,* 109 S.W.3d at 748; *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985) (noting that courts must be willing to take statutes as they find them, giving true and fair effect to all provisions of the statutes). By our holding, we adhere to the Legislature's policy decisions as reflected in the statute, not to our own individual senses of how this case should turn out based on a mandamus record that does not even contain a statement of facts from the trial.

The dissents further decry the Court's decision to deny relief to the Department because there is no evidence that K.W.'s situation has changed and that as far as this Court knows, the children are going back to the same living conditions that necessitated emergency intervention to begin with. Justice Hecht also would answer the question of whether the Department can refile the same suit, retain custody of the children, and continue its quest to terminate K.W.'s parental rights. Both positions are unwarranted.

■ As to the first charge, this is a mandamus proceeding. The record before us is not before us and we express no opinion on

us does not contain any discovery or a statement of facts from the trial. Evaluation of (1) whether the mother's situation has changed, and (2) the living conditions into which the children will go if they are returned to the mother are manifestly factual determinations based on weighing and assessing the evidence. Not only do we not have a record on which to fairly make those types of decisions, even if we did, it is not this Court's business to be making factual determinations in mandamus proceedings. *See In re Meador,* 968 S.W.2d 346, 354 (Tex.1998). Further, the argument assumes the children will be returned to the mother with no further action by the Department and no further review by the trial court. These assumptions are not based on anything in the record before us. At oral argument, counsel for K.W. stated his opinion that the Department could refile the case and expected it to do so. Counsel for the Department did not dispute that argument.

As to the issue of whether the Department can refile the same suit, retain custody of the children, and continue as before to seek termination of K.W.'s parental rights, the question simply is not before us. We recognize that courts of appeals have not been unanimous in their decisions on the matter and the issue is important. But that does not justify our addressing it when it has not been preserved, briefed, or presented as an issue, and when no relief has been requested based on its resolution. *See In re Nexion Health at Humble, Inc.,* 173 S.W.3d 67, 70 (Tex.2005).

## IV. Conclusion

At the time the trial court denied K.W.'s timely motion to dismiss, the case had been pending for a longer time than that allowed by statute. We agree with the court of appeals that the trial court clearly abused its discretion by not granting it.

K.W.'s motion to dismiss and that a remedy by appeal is not adequate under these circumstances. We deny the Department's request for relief.

Justice HECHT filed a dissenting opinion, in which Justice BRISTER joined.

Justice BRISTER filed a dissenting opinion, in which Justice HECHT, Justice O'NEILL and Justice MEDINA joined.

Justice HECHT, joined by Justice Brister, dissenting.

When K.W.'s daughters were ages 3 and 2, the district court issued an emergency order removing them from her and giving custody to the Department of Family and Protective Services. Within a year, following a two-day bench trial, the district court found by clear and convincing evidence that K.W. had endangered her daughters, that she had been convicted or placed on community supervision for indecency with a child, that she had failed to comply with a court-ordered service plan to obtain the return of her children, and that termination of her rights in her daughters was in their best interest.[1] K.W. moved for a new trial. The court granted her motion and set a trial date three months away. When that date came, K.W. agreed to a postponement, and the court set another trial date four months away. Before that date arrived, K.W. moved to have the case dismissed and her children returned to her because of the delays caused by granting her motion for new trial and the agreed postponement. Not surprisingly, the court denied her motion.

The girls are now 6 and 5 and have been in foster care for two-and-a-half years. Today the Court orders them returned to their mother. There is no evidence that her situation has changed. No consideration is given to the children's best interests. As far as we know, they are going back to the same living conditions that necessitated emergency intervention two-and-a-half years ago. K.W. recovers her daughters, not because they are now safe with her, but because of delays in these termination proceedings that she herself requested or agreed to. The Court explains that K.W. is simply taking advantage of "protections designed to assure prompt processing of both children and parents through the system".[2] The Court's notion of "prompt processing" is an odd one. If K.W. wanted prompt processing of her children and herself through the system, she could have gone to trial in December 2007, April 2008, or June 2008 instead of trying to force dismissal of the case so that it can be refiled and the parties can start over, further delaying a final resolution. The Court blames this startling result on the trial court for not following statutory procedures to continue the case, and on the Legislature for setting deadlines the way it did. But the result is unnecessary, in my view, for two reasons. I respectfully dissent.

I

The question that really matters is the one the Court refuses to answer: after a suit by the Department to terminate parental rights is dismissed due to a failure to meet the deadlines in section 263.401 of the Family Code, can the Department simply refile the same suit, retain custody of the child, and continue on as before, essentially unaffected?[3] If the answer is yes, and dismissal does not affect the Department's ability to proceed, then all the consternation over whether this case should have been dismissed has been a waste of

---

1. Tex. Fam.Code § 161.001(1)(E), (L)(iv), (O), (2). It appears from allegations in the record submitted to this Court that K.W. was 18 and the alleged father was 13 when the elder of their two children was conceived.

2. *Ante* at 647.

3. *Ante* at 648 ("As to the issue of whether the Department can refile the same suit, retain custody of the children, and continue as before to seek termination of K.W.'s parental rights, the question simply is not before us").

time—not just our time, the Department's time, and a young mother's time, but more than eighteen months out of the lives of two little girls whose futures are at stake here. If the Department can proceed after dismissal the same as before, then a determination whether dismissal was required is largely irrelevant. And if the answer is no, the Department cannot refile and retain custody, or can do so only with substantially new grounds for termination, then surely we should say so now rather than leaving the parties and trial court to continue in further proceedings the Department has no authority to pursue.

The four courts of appeals that have addressed the question have all concluded that a dismissal under section 263.401 is without prejudice and therefore does not bar the Department from filing another petition seeking termination on the same legal grounds.[4] One court has indicated that the petition in the later action must allege facts not alleged in the prior case,[5] but the author of the Court's decision today disagreed.[6] All four courts agree that the Department cannot retain custody of a child after the dismissal of a termination action without alleging a new factual basis,[7] but the only reason the courts have

**4.** *In re Bishop*, 8 S.W.3d 412, 420 (Tex.App.-Waco 1999, orig. proceeding) ("In addition, we observe that the dismissal mandated by section 263.401 does not constitute a decision on the merits of the suit. Therefore, such a dismissal is without prejudice to the rights of DPRS to assert the same grounds in a subsequently filed suit."); *In re Ruiz*, 16 S.W.3d 921, 927 (Tex.App.-Waco 2000, orig. proceeding) ("We have already determined that a dismissal under section 263.401(a) is without prejudice, so DPRS would be able to re-file the case asserting the same grounds *for termination* as originally alleged." (citing *Bishop*)); *In re T.M.*, 33 S.W.3d 341, 347 (Tex.App.-Amarillo 2000, orig. proceeding) ("[A]uthority holds that a dismissal under section 263.401 does not constitute an adjudication on the merits. So too does it conclude that the DPRS may refile the case and assert the same grounds for termination as originally alleged." (citing *Ruiz*, citations omitted)); *In re M.N.G.*, 147 S.W.3d 521, 528 (Tex.App.-Fort Worth 2004, pet. denied) ("A dismissal under section 263.401(a) is without prejudice so that DFPS may refile the case asserting the same grounds for termination as originally alleged." (citing *Ruiz*)); *In re K.Y.*, 273 S.W.3d 703, 708, 2008 WL 4809548 (Tex.App.-Houston [14th Dist.] Nov. 6, 2008, no pet. h.) ("Once a suit is dismissed without prejudice, DFPS may refile the suit asserting the same grounds for termination originally alleged." (citing *M.N.G.* and *Ruiz*)).

**5.** *In re L.J.S.*, 96 S.W.3d 692, 694 (Tex.App.-Amarillo 2003, pet. denied) ("[A]uthority clearly allows [the Department] to reinitiate

the proceeding if new facts are alleged justifying relief on the same grounds averred in the first action.").

**6.** *Id.* at 695–696 (Johnson, C.J., concurring) ("The Legislature has set out detailed standards and procedures for suits involving protection of children and families.... If the collective will of the Legislature had been to preclude the TDPRS from dismissing and then re-filing suit ..., it could have easily so provided.... Section 263.401 does not require trial courts to determine that a subsequent suit is based on 'new facts' of some timing and character, or to otherwise dismiss the suit. Regardless of whether new facts were pled and regardless of the nature of any new facts pled, the plain language of Section 263.401 neither precluded TDPRS from filing the second suit seeking to terminate the [parents'] relationship with [their child], nor mandated dismissal of the second suit.").

**7.** *In re Ruiz*, 16 S.W.3d at 927 ("[W]e conclude that DPRS cannot again remove R.R. from her home or keep her in foster care absent new facts which support removal under chapter 262 of the Family Code.... To support a subsequent removal, DPRS must rely on facts warranting removal which have occurred after the adversary hearing [on the first temporary orders]. To hold otherwise would render section 263.401(a) meaningless because DPRS would be permitted to maintain custody of a child in its care indefinitely merely by annually re-filing suit. This is

ever given is purely practical: otherwise the Department could retain custody indefinitely simply by dismissing and refiling the same action over and over. One court has indicated that the public policy behind the statute would be violated if the Department could repeatedly refile termination proceedings without moving toward a final adjudication.[8] Undermining these concerns, courts have taken a very permissive view of what would constitute "new" facts.[9]

I agree with the courts of appeals that the dismissal required by section 263.401 is without prejudice. Subsection (a), as originally enacted in 1997, provided that "the court shall dismiss" a termination suit unless, within a year after issuing temporary orders, a final order is rendered.[10] A 2007

---

8. In re L.J.S., 96 S.W.3d at 693–694 ("Assuming *arguendo* that the TDPRS may be free to non-suit and reinitiate proceedings, they cannot do so in a manner that violates statute or public policy. The public policy here involved is encapsulated in § 263.401(a) of the Texas Family Code. That statute exists to facilitate permanence and stability in the lives of children subjected to TDPRS involvement by limiting the time within which the TDPRS can prosecute actions to terminate parental rights or have it designated conservator. And, that time is 12 months with, generally, no more than an extension of 180 days. Now, to allow the statutory time period to be exceeded through legal maneuvering of the TDPRS or any other party would undoubtedly run afoul of the public policy underlying the provision." (citations omitted)).

9. See, e.g., In re K.Y., 273 S.W.3d at 708–09, 2008 WL 4809548 ("DFPS argues that it did allege new facts because the second petition alleged that appellant was incarcerated on charges of murdering A.F. while the third petition alleged that appellant had been convicted of the murder and requested termination on an additional ground based on this conviction.... We agree with DFPS that these new facts and the additional ground for termination based on these facts were sufficient to allow DFPS to refile and maintain temporary custody of the children."); In re M.N.G., 147 S.W.3d at 528–529 (affidavit attached to the second termination petition differed from prior affidavit only by providing more details of mother's employment and residence and alleging that her rights to three other children had been terminated, whereas the prior affidavit alleged that those rights were only in the process of being terminated); In re L.J.S., 96 S.W.3d at 694 (noting that new facts could include facts which "involved a continuation of the conduct precipitating the first suit"); but see In re Ruiz, 16 S.W.3d at 927 ("To support a subsequent removal, DPRS must rely on facts warranting removal which have occurred after the adversary hearing").

clearly contrary to the purpose of the statute."); In re T.M., 33 S.W.3d at 347 ("However, the right to rely upon the same grounds for termination does not permit the entity to use the same facts as the basis for removing the child from her parents or maintaining her in a foster home pending resolution of the suit. New facts justifying the temporary relief must be propounded." (citations omitted)); In re M.N.G., 147 S.W.3d at 528 ("DFPS cannot keep a child in foster care absent new facts supporting removal from the home."); In re K.Y., 273 S.W.3d at 708, 2008 WL 4809548 ("However, DFPS cannot maintain temporary custody of the children without alleging new facts to support the termination.").

10. Section 263.401 was originally enacted in 1997 by three separate, nearly identical bills: Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112–2114 (this bill did not include section 263.402(d), found in the other two bills, and now at section 263.403(d)); Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123–2124 (this bill did not include section 263.404, found in chapter 600, and now at section 263.406); and Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768–3770. Subsection (a) provided:

> Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

amendment changed the condition to commencement of trial.[11] Subsection (b) permits a 180-day extension on specified conditions that have varied over the years.[12]

11. Act of May 27, 2007, 80th Leg., R.S., ch. 866, §§ 2-5, 2007 Tex. Gen. Laws 1837, 1837-1838. Subsection (a) was amended to read:

Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

12. As originally enacted in 1997, subsection (b) read:

On or before the time described by Subsection (a) for the dismissal of the suit, the court may extend the court's jurisdiction of the suit for a period stated in the extension order, but not longer than 180 days after the time described by Subsection (a), if the court has continuing jurisdiction of the suit and the appointment of the department as temporary managing conservator is in the best interest of the child. If the court grants an extension, the extension order must also:

(1) schedule the new date for dismissal of the suit; and

(2) make further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit.

See supra note 7. In 2001, the subsection was amended to read:

The court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a), if the court finds that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date for dismissal of the suit not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets a final hearing on a date that allows the court to render a final order before the required date for dismissal of the suit under this subsection.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396. In 2005, the first sentence of the paragraph was amended to read:

The court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a).

Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636. In 2007, the phrase "Unless the court has commenced the trial on the merits," was added to the beginning of the first sentence, and subsection (1) and (3) were changed to the current version, which now provides:

Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1) schedules the new date on which the suit will be dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

The 1997 version of subsection (b) spoke in terms of "extend[ing] the court's jurisdiction",[13] but since the 2001 amendments the provision has referred instead to "retain[ing] the suit on the court's docket".[14] The dismissal contemplated by these provisions is clearly for want of prosecution without reference to the merits of the case. Such a dismissal is without prejudice to claims not adjudicated.[15]

A dismissal with prejudice is an adjudication of the parties' rights;[16] a dismissal without prejudice is not.[17] A dismissal under section 263.401 does not involve a decision on the merits of the case, but dismissal with prejudice can be ordered as a sanction.[18] Section 263.401 does not contemplate dismissal as a sanction because it can occur without any fault of the Department, as in this case, or without any fault at all, as when the press of the trial court's business simply does not allow compliance. Ordinarily, " 'there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.' "[19] But having given the Department the authority to sue to terminate parental rights, the Legislature could certainly restrict that authority and prohibit the Department absolutely from prosecuting an action with respect to a child after a certain period of time. There is no indication that the Legislature has done so in section 263.401. The Legislature has made crystal clear that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."[20] To

---

Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1837–1838.

**13.** *See supra* note 12.

**14.** *See supra* note 12.

**15.** *Newco Drilling Co. v. Weyand*, 960 S.W.2d 654, 656 (Tex.1998) (per curiam) ("[T]he trial court's dismissal of the plaintiffs' case for want of prosecution following the rendition of the partial summary judgment resulted in a dismissal with prejudice of those issues already adjudicated in the partial summary judgment and a dismissal without prejudice of those issues not covered in the partial summary judgment."); *Gracey v. West*, 422 S.W.2d 913, 917 (Tex.1968) ("The judgment of dismissal of the cause for want of prosecution is not a judgment on the merits of the cause.").

**16.** *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (per curiam) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."); *accord Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex.1999) (per curiam).

**17.** *Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist.*, 362 S.W.2d 101, 104 (Tex.1962) ("It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought.").

**18.** *See, e.g.,* TEX. CIV. PRAC. & REM.CODE § 74.351(b)(2) ("If, as to a defendant physician or health care provider, an expert report has not been served within the period specified ..., the court ... shall ... enter an order that ... dismisses the claim ... with prejudice...."); *Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex.2008) ("If the plaintiff fails to provide an adequate expert report or to voluntarily nonsuit the claim, the statute allows a defendant to move for sanctions against the plaintiff, including: ... (3) dismissal of the case with prejudice."); TEX.R. CIV. P. 13 (providing that a court may sanction pleading abuse with any appropriate sanction permitted by Rule 215); TEX.R. CIV. P. 215.2(b) (providing that a court may sanction certain discovery abuse by dismissing the action with prejudice).

**19.** *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex.1991) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 209–10, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)).

**20.** TEX. FAM.CODE § 153.002.

require dismissal of a termination suit after a period of time without a determination that it is in the child's best interest means either that the child's best interest is sometimes irrelevant, or that delay past a certain time, for whatever reason, is never in the child's best interest. Neither is possible.

Thus, a dismissal under section 263.401 must be without prejudice. A dismissal without prejudice presents no bar to refiling the same action.[21] The courts of appeals are therefore correct that the Department, after dismissal of a termination action under section 263.401, can file a new action asserting the same legal grounds. But they are incorrect in holding that the Department must allege new facts. Without prejudice is without prejudice. The pragmatic concern that the Department "would be permitted to maintain custody of a child in its care indefinitely merely by annually re-filing suit"[22] is unfounded. If the Department acts without sufficient grounds, merely to prolong custody of a child without a final adjudication, the trial court has ample authority to impose sanc-

tions.[23] Section 263.401 does not suggest that the Department should be prohibited from refiling suit to protect a child.

The ostensible purpose of section 263.401 is to expedite termination cases. Threatening the Department with dismissal may not be the best means to that end. It makes no sense to punish children by returning them to dangerous circumstances because the Department or the court did not move swiftly enough to protect them. A better way might have been to set deadlines enforceable by mandamus along with procedures to monitor the status of termination cases throughout the State and ensure compliance. The Court shrugs: "it is not for courts to decide if legislative enactments are wise or if particular provisions of statutes could be better-worded to reach what courts or litigants might believe to be better or more equitable results."[24] Perhaps, but we are required to presume that the Legislature intended "a just and reasonable result" in favor of the public interest over any private interest.[25] And we should consider the consequences.[26] We are obliged to adopt a reasonable construction of a stat-

---

21. See *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980) ("[A] litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided.").

22. *In re Ruiz*, 16 S.W.3d 921, 927 (Tex.App.-Waco 2000, orig. proceeding).

23. See TEX.R. CIV. P. 13 ("Attorneys or parties who shall ... make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both."); TEX CIV PRAC. & REM.CODE § 10.001 ("The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, infor-

mation, and belief, formed after reasonable inquiry: (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation ...."); *id.* § 10.004(a) ("A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both.").

24. *Ante* at 645.

25. TEX. GOV'T CODE § 311.021 ("In enacting a statute, it is presumed that: ... (3) a just and reasonable result is intended; ... and (5) public interest is favored over any private interest.").

26. *Id.* § 311.023 ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the: ... (5) consequences of a particular construction....").

ute that avoids results as unreasonable as returning children to unsafe environments.

Whether the threat of dismissal adequately serves the Legislature's purpose of expediting termination cases, judicial wrangling over whether dismissal should or should not occur does not. The trial court last set this case for trial on June 4, 2008. Had judgment been rendered at that time, the case could be close to being final on appeal. Even though this Court and the court of appeals have expedited consideration of K.W.'s petition for mandamus, if the Department is permitted to proceed anyway, months have been lost unnecessarily. Despite the energy expended in this case, adjudication remains distant. The Court states: "The Family Code evidences a clear intent by the Legislature to prevent cases from lingering on court dockets for extended periods beyond specified timeframes by agreement *or otherwise*." [27] Then the Court proceeds to adopt a construction in this case that requires that a final resolution of the issues be delayed interminably.

I would hold that even if this suit is dismissed, the Department can refile the same action as long as there are factual and legal grounds to do so. [28] I would leave it to the ample mechanisms already in place for assuring prompt resolution of cases to require that the Department move expeditiously.

## II

That said, I do not believe that section 263.401 requires dismissal.

The trial court rendered a final order before the one-year deadline prescribed by subsection (a). K.W. timely filed a motion for new trial, [29] and the trial court held a timely hearing. [30] While the Family Code prescribes deadlines for filing and hearing a motion for new trial, it says nothing specific about deadlines after a motion for new trial is granted. The statutory provisions cannot reasonably be construed to allow a party to file a motion for new trial but deny the court a reasonable opportunity to grant the motion and retry the case.

While the court's order granting a new trial set aside the final order, it did not erase the fact that a final order was rendered within the time prescribed by subsection (a). Subsection (b) allowed the court to retain the case on its docket for 180 days if it found that continuing the Department's conservatorship of K.W.'s children was necessitated by extraordinary circumstances and was in the children's best interest. While the court did not make those findings on the record, subsection (b) does not impose that requirement, and the findings are certainly implied in the court's rulings, as they would be in other cases. [31] Subsection (b) does require

27. *Ante* at 647 (emphasis in original).

28. It may be, of course, that the situation has changed in the two-and-one-half years since the case began.

29. TEX. FAM.CODE § 263.405(b) (requiring that a motion for new trial be filed within 15 days of the date a final order is signed).

30. *Id.* § 263.405(d) (requiring a hearing within 30 days of the date a final order is signed).

31. *E.g. In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex.2006) (holding that absent a trial court's express finding that a party received late notice of the judgment, a finding should be implied by the court's granting of a motion for new trial); *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex.2003) ("When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment."); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) ("When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied."); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam) (holding that findings should be im-

an additional order setting a new dismissal deadline within 180 days, a trial date enough in advance for a final ruling by the deadline, and any further orders necessary. The court issued no additional order but did set a new trial date well within the 180 days. It issued no further temporary orders, but there is no indication that any were necessary. In any event, K.W. never objected that an additional order did not issue. I would hold that the court properly retained the case under that subsection (b).

The new trial was postponed until after the 180–day deadline. Section 263.401(c) prohibited this extension.[32] K.W. did not object to the delay; she requested it. Under section 263.402(b), she waived the right to object because she did not move for a final order before the extended deadline and did not move to dismiss before the Department rested its case-in-chief at the first trial.[33] K.W. contends that she was entitled to move for dismissal until the Department rested at the second trial, but she cannot be permitted to agree to postpone the trial and then object that it was not conducted sooner.

This construction of the statutory provisions does not force a parent to choose between moving for a new trial and insisting on expedited proceedings. Having obtained a new trial, K.W. was entitled to insist that it occur within 180 days, and the trial court complied with a setting well within that period. But K.W. did not move for a final order within the period; to the contrary, she requested a postponement. At that point, she could no longer object to the delay.

\* \* \*

The Court states: "The members of this Court recognize the significance of this proceeding to the lives of the children involved—anyone would."[34] Then it releases to K.W., who was found in emergency proceedings and after trial on the merits to have been an unfit parent, two small children who have been in foster care for over two years, though the Court acknowledges that it has no idea what the present circumstances are or what the risks may be. The Court seems to take comfort in the possibility the Department will refile termination proceedings,[35] actions that will

32. The version of section 263.401(c) applicable to this case provided:

If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396.

33. The version of § 263.402(b) applicable in this case provided:

A party to a suit under this chapter who fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the

plied in favor of an order modifying child support).

deadline for dismissal under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the department has introduced all of the department's evidence, other than rebuttal evidence, at the trial on the merits.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396–2398. I agree with the Court that the deadlines in section 263.401 are not jurisdictional. The fact that they can be waived under section 263.402(b) seems to prove that.

34. *Ante* at 648.

35. *Ante* at 648 ("At oral argument, counsel for K.W. stated his opinion that the Department could refile the case and expected it to do so. Counsel for the Department did not dispute that argument.").

no doubt extend by years a final resolution of this case. Recognizing the significance of this case to the children, and trying to avoid harm, appear to be different things.

I would direct the court of appeals to vacate its judgment and allow the trial court to proceed. Because the Court does not do so, I respectfully dissent.

Justice BRISTER, joined by Justice HECHT, Justice O'NEILL and Justice MEDINA, dissenting.

Surely no one—not even a mother fighting to keep her kids—can ask for a new trial and then demand dismissal because she got it. There *was* a final order before the statutory one-year deadline in this case, but the mother asked the trial court to set it aside and give her a new trial and later a resetting after the deadline had passed. Having gotten what she wanted, she is not entitled to complain that the trial court should have turned her down. Because the Court holds otherwise, I respectfully dissent.

The Family Code prohibits parties from extending the one-year deadline by agreement, but it expressly allows them to waive the deadline by inaction.[1] This is not a subtle distinction: litigants (for example) cannot change the Constitution by agreement, but they can certainly waive constitutional complaints.[2] Even the analogous right to a speedy trial (an explicit constitutional right) can be waived if the accused is responsible for the delay.[3] By holding this deadline nonwaivable, the Court makes it stricter than the Legislature did, stricter even than the Constitution itself.

It has long been the rule in Texas that a party cannot complain of an error it invited:

> The principle is that if, during the progress of a cause, any party thereto request or move the court to make an erroneous ruling, and the court rule in accordance with such request or motion, he cannot take advantage of the error upon appeal.[4]

This rule "is grounded injustice and dictated by common sense."[5] If a party can consent to an order and then seek reversal if it is granted, then both justice and common sense have been set aside. It makes no difference that this is a parental-termination case; justice and common sense apply there too.[6]

Until today there has been only one exception to the invited-error doctrine: absence of subject-matter jurisdiction. That is not an issue here, as the Legislature allowed this deadline to be waived.[7] By

1. *See* Tex. Fam.Code § 263.402.

2. *See, e.g., In re K.A.F.,* 160 S.W.3d 923, 928 (Tex.2005); *In re L.M.I.,* 119 S.W.3d 707, 711 (Tex.2003); *In re A.V.,* 113 S.W.3d 355, 358 (Tex.2003); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry,* 46 S.W.3d 857, 861 (Tex. 2001).

3. *See Barker v. Wingo,* 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *see also* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial....").

4. *Gresham v. Harcourt,* 93 Tex. 149, 53 S.W. 1019, 1021 (1899); *see, e.g., Tittizer v. Union Gas Corp.,* 171 S.W.3d 857, 861 (Tex.2005);

*Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319 (1984); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588, 591 (1955); *Ne. Tex. Motor Lines v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 488 (1942); *Patton v. Dallas Gas Co.,* 108 Tex. 321, 192 S.W. 1060, 1062 (1917).

5. *Tittizer,* 171 S.W.3d at 861; *Hodges,* 158 S.W.2d at 488.

6. *See In re B.L.D.,* 113 S.W.3d 340, 351, 354 (Tex.2003) (declining to review unpreserved complaints in parental-termination case).

7. *See Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex.2008) (holding subject-matter jurisdiction cannot be waived).

creating a second exception, the Court invites future error by suggesting parties can sandbag a trial court and then ask the court of appeals to create new exceptions for them too.

The Court states two reasons for this unprecedented step. First, it says we cannot apply the invited-error doctrine because the Department did not raise it in its appellate brief. But invited error is an issue of error preservation;[8] a party who invites error has not obtained an adverse ruling when they get it. Because the mother failed to preserve error regarding this deadline, she cannot prevail even if the Department had filed no brief at all.

Second, the Court says this is not a case of invited error because the mother complains only of denial of her motion to dismiss and not the granting of her earlier motions for a new trial and a resetting. Surely we cannot be so naïve. While her last motion requested dismissal, the only bases for that motion were her earlier motions asking the trial court to set aside its final order and give her a new trial after all deadlines had passed.

Twice in recent years we have rejected attempts to focus the invited-error rule narrowly on the contested motion and not on the surrounding context. In 1999 and 2008, we held the invited-error doctrine did not bar a party from complaining about a jury question it had requested, because in both instances the party had made clear throughout the case that it objected to submission but nevertheless wanted to make sure the issue was properly drafted.[9] The Court now takes the opposite approach, reviewing only the last motion and disregarding the context in which it occurred.

Finally, the Court also ignores the context and consequences of its own ruling. It is hard to find anything in today's opinion about the best interest of these children; indeed, the Court resolutely refuses to consider what may happen to them, or whether this case will start over from scratch. While "it is not this Court's business" to make factual determinations,[10] it must be our business to consider the potential consequences of statutory construction, because the Legislature has instructed us to do so.[11]

The Court blames "the Legislature, not the judiciary" for whatever may happen to these children, but it is the Court not the Legislature that says the *exclusive* means of waiving complaints about these deadlines are the two in the statute. The Court says the possibility of starting the case over "is not before us,"[12] but we are ordering this case dismissed; is that with or without prejudice? And shouldn't a court think about these questions before deciding whether rigid application of these deadlines will actually ensure "prompt and final resolution of parental-rights termination cases"?[13]

Because a party cannot complain of a ruling it asked for, I would reverse the court of appeals' judgment and remand the case to the trial court for an immediate

---

8. *See* Tex R. App. P. 33.1.; *Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 777 (Tex. 2008) (addressing invited error under the heading "Preservation of Error").

9. *See Ulico,* 262 S.W.3d at 777; *Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex. 1999).

10. 273 S.W.3d at 648.

11. *See* Tex. Gov't Code § 311.023(5).

12. 273 S.W.3d at 648.

13. *Id.* at 642.

trial. Because the Court holds otherwise, I respectfully dissent.