

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00009-CV

_____

IN THE MATTER OF THE MARRIAGE OF
DAVID BURROWS AND LYNDSI ARNOLD AND
IN THE INTEREST OF J.C.B., A CHILD

On Appeal from the 307th District Court
Gregg County, Texas
Trial Court No. 2016-1997-DR

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

David Burrows appeals from the trial court's January 3, 2017, order denying Burrows' "Motion For Removal Of Amicus Attorney," which asked the trial court to remove the court-appointed amicus attorney based on an actual or perceived conflict of interest. By letter of January 12, 2017, we notified Burrows that it appeared we lacked jurisdiction over this appeal because the order appealed from is neither a final judgment nor an appealable interlocutory order. We afforded Burrows ten days to demonstrate proper grounds for our retention of the appeal. Although Burrows responded to our letter, the response conceded that the order is not appealable.[1]

Our jurisdiction, as an appellate court, is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2016). Stated differently, in the absence of a specific grant of jurisdiction by the Texas Constitution or the Texas Legislature, an appellate court lacks jurisdiction to act. Unless we are given specific authority over an interlocutory appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009) (noting that Section 263.405 of the Texas Family Code provides for direct appeal from *final* orders). The trial court's January 3 order denying the removal of the amicus attorney is unquestionably not a final order. The question, then, is whether either the Texas Constitution or the Texas Legislature has granted this Court jurisdiction to hear the type of interlocutory appeal that Burrows has noticed. We have determined that the

_____

[1] Burrows response stated, "In this matter, there is no adequate right of appeal from an erroneous order concerning disqualification of counsel therefore mandamus is a proper remedy to correct [the order]."

2

order at issue does not fall within any of the categories of appealable interlocutory orders. *See*

*Vega v. Lira*, No. 01-16-00369-CV, 2016 WL 4253696, at *2 (Tex. App.—Houston [1st Dist.]

Aug. 11, 2016, no pet.) (per curiam) (mem. op., not designated for publication) (citing TEX. FAM.

CODE ANN. § 109.002(b); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)–(12)).

Accordingly, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:      January 24, 2017
Date Decided:        January 25, 2017