**Opinion issued March 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00035-CV

———————————

## IN THE INTEREST OF E.G., A CHILD

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-03159J**

---

## MEMORANDUM OPINION

Appellants, mother and father, have each filed a notice of appeal of the trial court's final decree terminating their parental rights to E.G., their minor child. Mother has filed a motion to dismiss her appeal "[s]ince the [trial c]ourt has granted a New Trial."[1]

---

[1]     After mother filed her motion, we notified father that his appeal was subject to dismissal for want of jurisdiction unless he filed a response showing how the Court has jurisdiction

We grant the motion, and dismiss the appeals.

In the trial court, mother timely filed a motion for new trial requesting that the trial court "set aside the Decree of Termination signed on December 31, 2018" and grant her a new trial. *See* TEX. R. CIV. P. 329b(a). On February 26, 2019, the trial court signed an order granting mother's motion for new trial. And, that day, the trial court signed a separate order granting father a new trial.

When the trial court grants a motion for new trial, the case is reinstated on the trial court's docket as though no trial had been previously conducted. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). "[T]the slate is essentially wiped clean as to orders such as an oral pronouncement of judgment and written judgment based on the trial." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009). The granting of a new trial renders the appeal moot, and this Court lacks jurisdiction over the appeal. *See In re J.L.G., Jr.*, No. 01-17-00129-CV, 2017 WL 1504008, at *1 (Tex. App.—Houston [1st Dist.] Apr. 15, 2017, no pet.) (mem. op.); *Galvan v. Harris Cty.*, No. 01-09-00884-CV, 2011 WL 345677, at *1 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, no pet.) (mem. op.).

---

over his appeal. *See* TEX. R. APP. P. 42.3(a). Father responded that the trial court had granted him a new trial and "dismissal of this appeal for want of jurisdiction is appropriate."

Accordingly, we grant mother's motion, and we dismiss her appeal and father's appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.1(a), 42.3(a), 43.2(f).  We direct the Clerk of this Court to issue the mandate in this case no later than seven days from the date of this opinion.  *See* TEX. R. APP. P. 18.1(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.