

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00457-CV

**IN THE INTEREST OF L.R.R.**, et al., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02347
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:          Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  September 24, 2014

AFFIRMED

Barbara S. appeals the trial court's order terminating her parental rights to her five children, contending: (1) the trial court did not have jurisdiction to enter the termination order; and (2) the evidence is insufficient to support the jury's finding that termination of her parental rights is in the best interest of the children. We affirm the trial court's order.

### MANDATORY DISMISSAL

In general, a trial court must dismiss a suit in which the Texas Department of Family and Protective Services requests termination of parental rights if the court has not commenced a trial on the merits by the first Monday after the first anniversary of the date the court entered a temporary order appointing the Department as temporary managing conservator. TEX. FAM. CODE ANN. § 263.401(a) (West 2014). Notwithstanding this general rule, the trial court may retain the

suit on the court's docket for an additional period not to exceed 180 days if the trial court enters an order in compliance with section 263.401(b), which order must include a new date on which the suit will be dismissed if the trial on the merits has not commenced. *Id*. at § 263.401(b). It is undisputed that the trial court entered an order in compliance with section 263.401(b) in the underlying cause which required the trial on the merits to commence by April 4, 2014, or the cause would be dismissed.

In her first issue, Barbara S. contends the trial court should have dismissed the underlying cause because the trial court declared a mistrial in the underlying cause and did not schedule a new trial date by April 4, 2014. The State responds that the trial court declared a mistrial only with regard to the father of the children and that Barbara S. did not file a motion requesting a dismissal. We agree with the State.

First, the record establishes that the mistrial was declared only with regard to the father's parental rights; therefore, trial was timely commenced with regard to Barbara S.'s parental rights on April 2, 2014. Second, the statutory dismissal deadlines are not jurisdictional, and a party waives the right to a dismissal if the party fails to file a timely motion to dismiss. *In re Dept. of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009); TEX. FAM. CODE ANN. § 263.402(b) (West 2014). The record does not contain any motion to dismiss filed by Barbara S. Accordingly, because a trial on the merits was timely commenced with regard to Barbara S.'s parental rights, and alternatively she waived any right to a dismissal, her first issue is overruled.

## SUFFICIENCY OF EVIDENCE ON BEST INTEREST FINDING

In her second issue, Barbara S. challenges the sufficiency of the evidence to support the jury's finding that termination of her parental rights is in the children's best interest. Barbara S. does not challenge the sufficiency of the evidence to support the predicate findings, which included findings that Barbara S. had: (1) knowingly placed or knowingly allowed the children to remain

in conditions or surroundings which endangered their physical or emotional well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical and emotional well-being; (3) constructively abandoned the children; and (4) failed to comply with the provisions of her court-ordered service plan.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id*. "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id*.

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id*. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a

factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

## BEST INTEREST FINDING

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

In her brief, Barbara S. first contends that "[n]o credible evidence at trial was adduced on even half of the *Holley* factors." The Texas Supreme Court has, however, stated that "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

Barbara S. next contends that the evidence established that she was a victim of domestic violence, and her actions were not responsible for the children's removal. The evidence at trial, however, was conflicting as to whether Barbara S. was the aggressor during certain domestic violence incidents. Moreover, the children were removed from the home based on their outcry of witnessing domestic violence between Barbara S. and their father.

With regard to the *Holley* factors, testimony established that the children witnessed several incidents of domestic violence between Barbara S. and their father which was emotionally

damaging to them. At least one of the children also had witnessed Barbara S. intoxicated, and the record contains evidence that Barbara S. suffers from bipolar disorder, anxiety, and paranoia. Barbara S. also had received deferred adjudication for assaulting the children's grandfather. Barbara S. did not complete her service plan, and she was not present for trial. Several witnesses testified that they were unsure of her location. The case worker testified that Barbara S. never maintained a stable home while the case was pending, and Barbara S. had not paid any support for her children despite a court order requiring her to pay child support. At the time of trial, the children had lived with their maternal grandmother for eighteen months and were excelling in school. The maternal grandmother had a stable home and was willing to adopt the children.

Based on the foregoing evidence, the trial court could have formed a firm belief or conviction that it was in the children's best interest that Barbara S.'s parental rights be terminated.

## CONCLUSION

The order of the trial court is affirmed.

Catherine Stone, Chief Justice