**Affirmed; Opinion Filed February 18, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01125-CV

## IN THE INTEREST OF E.P.S. AND X.Z.S., CHILDREN

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-30153-2016**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal from the trial court's judgment terminating the parent–child relationship

between Mother and her two children. Mother brings two issues on appeal contending (1) the trial

court lost jurisdiction over the case by not complying with the dismissal deadlines in section

263.401 of the Family Code, and (2) the trial court's orders issued after April 7, 2018, or October

9, 2018, were void. We affirm the trial court's judgment.

### BACKGROUND

Mother does not challenge the sufficiency of the evidence to support the trial court's

findings under section 161.001 of the Family Code. *See* TEX. FAM. CODE § 161.001(b)(1), (2)

(trial court may order termination of parent–child relationship if court finds parent has violated

subsection (1) and that termination is in child's best interest). Instead, Mother asserts the trial

court lost jurisdiction of the case because the trial on the merits did not commence within the time

required by section 263.401 of the Family Code. *See id.* § 263.401 (with certain exceptions, trial

on the merits must begin within one year to one-and-a-half years after appointment of Department of Family and Protective Services as child's temporary managing conservator). Therefore, the relevant facts are the dates of the events in this case.

On October 3, 2016, the Department of Family and Protective Services filed its original petition in this case. The same day, the trial court signed a temporary order appointing the Department as temporary managing conservator of the children. On March 20, 2017, the Department amended its petition to seek termination of Mother's parental rights. On September 28, 2017, the trial court extended the dismissal date under section 263.401(b) and ordered the new dismissal date was April 7, 2018.[1]

On March 5, 2018, the trial on the merits may have begun.[2] At the hearing on that date, the trial court stated, "it's my understanding, from a timeline perspective, we need to begin the trial today. . . . And then we will continue the trial . . . ." The Department called one witness, who stated her name and that she was "the CVS [sic] worker" on the case. The court then recessed the case. The court stated the purpose of the continuation of the trial was to allow the parties to acquire additional information and conduct DNA testing in California. Mother did not object to this procedure.

On October 8, 2018, the trial resumed. The trial court signed an order on October 9, 2018, ordering a monitored return of the children to begin on December 22, 2018. The order also stated:

> Trial commenced on March 5, 2018. Trial resumed on October 8, 2018. The parties reached an agreement of a stairstep into a monitored return on Oct. 9, 2018. Monitored return will begin December 22, 2018. Dismissal date of monitored return will be June 20, 2018 [sic]. The parties agree to this timeline.

---

[1] Under section 263.401(b), the trial court may retain the case on its docket for an additional 180 days if the court makes certain findings. *See* FAM. § 263.401(b).

[2] In her appellant's brief, Mother argues that the hearing on March 5, 2018 was not the commencement of the trial on the merits because the parties and the court did not intend to resolve the merits of the case in that hearing. We do not address this argument.

(Capitalization and boldface omitted.)  Mother was not able to meet all the requirements for the monitored return by December 22, 2018, and the children were not returned to her at that time.  At the hearing on May 2, 2019, the trial court ordered the children returned to Mother after the end of that school semester.  The children were returned to Mother on May 25, 2019.  In June 2019, the children were again removed from Mother's possession.  On July 15, 2019, the court changed the dismissal date to December 22, 2019 pursuant to section 163.403(c).  *See* FAM. § 163.403(c) (if child is returned to parent and then removed before suit is dismissed or trial commenced, court must set new dismissal date that is within 180 days of removal).

On September 3 and 4, 2019, the trial court conducted hearings that the Department's attorney stated were "resuming the previous trial."  At the conclusion of the hearing on September 4, 2019, the court terminated the parent–child relationship between Mother and the children.  The court appointed the Department as permanent managing conservator of the children.

### MANDATORY DISMISSAL UNDER § 263.401

In her first issue, Mother contends the trial court lost jurisdiction over the case on April 7, 2018, or October 9, 2018.  In her second issue, Mother contends the trial court's orders signed after those dates were void.

The version of section 263.401 applicable to this case (the version in effect when the Department filed suit on October 3, 2016)[3] provides that trial on the merits must commence "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator."  *Id.* § 263.401(a).[4]  The first Monday after the first anniversary of October 3, 2016 was October 9, 2017.  The statute provides the court may retain the case on the court's docket for an additional 180 days if the court "finds

---

[3] *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws, 1837, 1837–38, amended by Act of May 29, 2015, 84th Leg., R.S., ch. 944, §§ 37, 38, 2015 Tex. Gen. Laws 3268, 3283–84 (current version at FAM. § 263.401).

[4] Unless otherwise stated, the statutory provisions cited are those in effect on October 3, 2016.

that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). Mother moved for extension of the deadline under this section. The trial court granted Mother's motion and extended the dismissal deadline to April 7, 2018. If the trial does not commence by the deadline set forth in section 263.401, "the court shall dismiss the suit." *Id.* § 263.401(a). Section 263.402(a) provides that the parties may not agree to extend these deadlines. *Id.* 263.402(a). However, the trial court "may retain jurisdiction and not dismiss the suit or render a final order" if the court orders the child returned to the parent and orders the Department to continue to serve as temporary managing conservator. *Id.* § 263.403.[5]

For lawsuits filed before September 1, 2017, dismissal under section 263.401 is not automatic, and the parties' right to dismissal may be waived:

> A party to a suit under this chapter who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before trial on the merits commences.

*Id.* § 263.402(b).[6]

In 2017, the Texas Legislature amended sections 263.401 and .402. In the amended version of section 263.401, if the trial does not commence timely, then the trial court loses jurisdiction over the case and the case is "automatically dismissed."[7] FAM. § 263.401 (current version). The legislature also amended section 263.402, deleting paragraph (b) quoted above. These changes

---

[5] Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, sec. 263.403, 2001 Tex. Gen. Laws 2395, 2397, *amended by* Act of May 27, 2007, 80th Leg., R.S. ch. 866, § 4, 2007 Tex. Gen. Laws 1837, 1838 (current version at FAM. § 263.403).

[6] Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, sec. 263.402, 2001 Tex. Gen. Laws 2395, 2396, *amended by* Act of May 27, 2007, 80th Leg., R.S. ch. 866, § 3, 2007 Tex. Gen. Laws 1837, 1838.

[7] *See* Act of May 26, 2017, 85th Leg., R.S., ch. 317, §§ 27, 28, 2017 Tex. Gen. Laws 612, 620–21; *see also* Act of May 28, 2017, 85th Leg., R.S., ch. 319, §§ 12, 13, 2017 Tex. Gen. Laws 713, 718–719.

apply only to suits filed on or after the effective date of the amendments, September 1, 2017.[8] *See In re P.N.T.*, 580 S.W.3d 331, 338 n.3 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). The Department filed suit in this case on October 3, 2016, so the 2017 amendments do not apply.[9]

Mother argues the trial did not "commence" on March 5, 2018, because only one witness was called who testified to her name and job position before the trial court recessed the trial. Mother argues that this was not the commencement of the trial on the merits but an agreement to extend section 263.401's deadlines, which is prohibited by section 263.402. Mother asserts the trial court's jurisdiction over the case ended and the case was automatically dismissed either on April 7, 2018, the dismissal date under section 263.401(b), or on October 9, 2018, when the trial court held a trial but did not order that the child be immediately returned to Mother.

Even if Mother is correct that the trial court did not comply with the dismissal deadlines in section 263.401, Mother's argument that the trial court lost jurisdiction is incorrect. The dismissal dates in the pre-2017 version of section 263.401 are not jurisdictional. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding); *In re M.M.*, 2019 WL 4302255, at *2 (Tex. App.—Dallas Sept. 11, 2019, pet. denied) (mem. op.). Therefore, even if the trial on the merits did not commence before the deadline in section 263.401 passed, the trial court did not lose jurisdiction over the case.

To the extent Mother argues the trial court erred by not dismissing the case when the deadline passed, Mother had the burden under section 263.402(b) to request dismissal of the suit before the trial began. *See* FAM. § 263.402(b); *In re M.T.R.*, 579 S.W.3d 548, 564 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Even if the trial on the merits did not commence until

---

[8] *See* Act of May 26, 2017, 85th Leg., R.S., ch. 317, § 73, 2017 Tex. Gen. Laws 612, 637–38; *see also* Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 33, 2017 Tex. Gen. Laws 713, 735.

[9] Even if we considered the date the Department amended its petition to seek termination to determine whether to apply the 2017 amendments, that date was March 20, 2017, over five months before the amendments took effect. *Cf. In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *8 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.) (mem. op.) (applying 2017 amendments because petition seeking termination was filed after September 1, 2017).

September 3, 2019, Mother did not object to the continuation of the proceedings before then. Therefore, Mother waived her right to dismissal of the proceedings. *See* FAM. § 263.402(b); *In re M.T.R.*, 579 S.W.3d at 564. We overrule Mother's first issue.

In her second issue, Mother contends the trial court's orders after it lost jurisdiction were void. Mother argues that the trial court's failure to commence the trial on the merits timely left the court without jurisdiction. As discussed above, the trial court did not lose jurisdiction of the case before it signed the orders in this case. We overrule Mother's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

191125F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF E.P.S. AND
X.Z.S., CHILDREN

No. 05-19-01125-CV

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-30153-2016.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 18th day of February, 2020.