**Affirm; Opinion Filed March 27, 2020**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01090-CV

**TRENT TRUBENBACH AND DONNA BURTON, Appellants**
**V.**
**ENERGY EXPLORATION I, L.L.C., AND ENERGY**
**EXPLORATION II, L.L.C., Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00031-2015**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

Appellants Trent Trubenbach and Donna Burton appeal the trial court's final judgment confirming an arbitration award in favor of appellees Energy Exploration I, L.L.C. and Energy Exploration II, L.L.C. Appellants raise three issues for our consideration. They first contend the trial court erred in confirming the arbitration award because the arbitrator exceeded his authority by determining arbitrability. Second, they assert in the alternative that if the trial court made an independent determination regarding arbitrability, such determination was erroneous. Third, they urge that the appellees waived their rights to enforce the arbitration provision. We affirm.

### I. BACKGROUND

The timeline of the proceedings below is relevant to our consideration of this case. Kurtis and Elizabeth Christensen formed Energy Exploration I, L.L.C. and Energy Exploration II, L.L.C.

(collectively Energy Exploration), both Iowa limited liability companies, to invest with TRU Exploration, L.L.C. and its affiliates in certain oil and gas securities. Over time, Energy Exploration invested in three of TRU Exploration's joint ventures: TRU Exploration TruFire #2 Joint Venture, TRU Exploration Mississippian #1 Joint Venture, and TRU Exploration Woodford #1 Joint Venture. Documentation for each joint venture included a joint venture agreement, a subscription agreement, and a confidential private placement memorandum. The joint venture agreements appointed TRU Exploration, L.L.C. as the Managing Venturer. Each subscription agreement contained an identical arbitration clause. Each subscription agreement was signed by Energy Exploration and was approved and accepted by the respective joint venture, a Texas joint venture partnership, by TRU Exploration, L.L.C., Managing Venturer. Trubenbach signed each agreement on behalf of TRU Exploration, L.L.C.

In January 2015, Energy Exploration filed suit against TRU Exploration, L.L.C., TRU Exploration "Creating TRU Partners," L.L.C., Trent Trubenbach, Mason Kuehl, Robert Francis Fox, and Donna Burton asserting various claims including, but not limited to, securities fraud, breach of fiduciary duty, violation of the Texas Securities Act, and conspiracy. Energy Exploration also sought a temporary restraining order, a preliminary injunction freezing assets, and an accounting.

TRU Exploration, L.L.C., TRU Exploration "Creating TRU Partners," L.L.C., Trent Trubenbach, and Donna Burton (referring to themselves as the TRU Defendants) filed a motion to stay litigation and to compel arbitration, urging that the arbitration provisions in the subscription agreements covered Energy Exploration's claims. Energy Exploration opposed the motion, arguing that the TRU Defendants had filed the motion in an effort to avoid inspection of their bank records and financial information pertaining to the Energy Exploration's investment. Energy Exploration argued that: (i) the TRU Defendants were not parties to the subscription agreements

that contained the arbitration provisions, (ii) its claims were outside the scope of the arbitration provision, and (iii) even if arbitration was applicable, the court still had the authority to enforce its temporary restraining order and to issue injunctive relief. After a hearing, the trial court denied the TRU Defendants' motion to compel arbitration. Likewise, the trial court was unpersuaded by their motion for reconsideration.

The TRU Defendants filed a notice of interlocutory appeal of the trial court's denial of their motion to compel arbitration.[1] On February 26, 2015, this Court stayed the trial court proceedings pending further order of this Court. In their appellate brief, the TRU Defendants (appellants) argued that the arbitration provision in the subscription agreements covered the parties and claims at issue. The arbitration provision states in pertinent part:

> Any controversy or claim arising out of or relating to any interpretation, breach or dispute concerning any of the terms or provisions of this Subscription Agreement or any other matter in any way affecting the Program, which disagreement is not settled in writing within thirty (30) days after it arises, shall be exclusively and solely resolved by arbitration in Denton, Texas before the American Arbitration Association and in accordance with the rules and procedures for commercial disputes then obtaining of the American Arbitration Association (or any successor thereto), and the award rendered in said arbitration shall be final and may be entered in any court in the State of Texas, or elsewhere, having jurisdiction thereof.

In April, 2015, Energy Exploration sent a letter advising this Court that they would arbitrate their claims against appellants before the American Arbitration Association (AAA), thus rendering moot the issues on appeal. We directed appellants to file a response. In their response, appellants argued that their appeal should not be dismissed as moot because an opinion on the merits was necessary to avoid continuing disputes between the parties as to the arbitration agreement. On June 30, 2015, this Court ordered that Energy Exploration's letter, which we construed as a motion to dismiss, was denied. We further ordered Energy Exploration to file a responsive brief. Energy

---

[1] *True Exploration, L.L.C., TRU Exploration "Creating TRU Partners", L.L.C., Trent Trubenbach, and Donna Burton, Appellants v. Energy Exploration I, L.L.C. and Energy Exploration II, L.L.C., Appellees*, Court of Appeals, Fifth District of Texas, No. 05-15-00217-CV.

Exploration filed its appellees' brief on July 21, 2015, and the case was scheduled for submission on January 20, 2016.

Meanwhile, despite the pending appeal, Energy Exploration initiated arbitration proceedings with the AAA. On May 12, 2015, Energy Exploration filed a demand for arbitration, asserting claims for fraud, fraud by nondisclosure, fraud in the inducement, breach of fiduciary duty, violations of the Texas Securities Act, suit against control persons and aiders under the Texas Securities Act, conspiracy, conversion, money had and received, exemplary damages, interest, and attorney's fees. Trubenbach and Burton opposed any further action by the AAA without a ruling from this Court regarding the trial court's denial of their motion to compel arbitration. The AAA stayed the arbitration proceeding pending a court determination in favor of arbitration or an agreement by the parties to proceed. Trubenbach and Burton offered to proceed with the arbitration if Energy Exploration would reimburse them for the attorney's fees they had incurred in connection with their motion to compel arbitration; Energy Exploration declined.

On December 2, 2015, TRU Exploration, LLC filed a Chapter 7 proceeding in the United States Bankruptcy Court for the Eastern District of Texas.[2] Upon receipt of the notice that TRU Exploration had filed for bankruptcy protection, this Court abated the appeal filed by TRU Exploration, LLC, TRU Exploration "Creating TRU Partners," LLC, Trent Trubenbach, and Donna Burton.

On January 18, 2016, Energy Exploration removed the state court proceeding to the bankruptcy court in an adversary proceeding styled *Energy Exploration I, L.L.C. and Energy Exploration II, L.L.C. v. TRU Exploration, L.L.C., TRU Exploration "Creating TRU Partners," L.L.C., Trent Trubenbach, Robert Francis Fox, and Donna Burton*, Adversary No. 16-04007. Energy Exploration then sought relief from the automatic stay in order to proceed with the

---

[2] *In re: TRU Exploration, L.L.C., Debtor*, Case No. 15-42176-BTR-7, U.S. Bankruptcy Court, Eastern District of Texas (Sherman Division).

arbitration. On July 14, 2016, the bankruptcy court modified the stay to allow Energy Exploration to proceed with the arbitration.

Once the stay was lifted, the arbitration proceeded. After briefing by the parties, on January 20, 2017, the arbitrator signed an order setting forth his decision that the AAA had jurisdiction over the dispute and that there was an arbitrable issue. On July 25, 2017, the arbitrator conducted the arbitration of the dispute. Energy Exploration appeared and presented evidence and argument in support of their claims; Trubenbach and Burton did not appear. Following the hearing, the arbitrator set forth his findings and signed a final award, dated August 25, 2017, in favor of Energy Exploration and against TRU Exploration, L.L.C., TRU Exploration "Creating TRU Partners," L.L.C., Trent Trubenbach, Mason Kuehl, and Donna Burton.

In September 2017, Energy Exploration filed a motion to confirm the arbitration award in the bankruptcy adversary proceeding. Trubenbach and Burton filed objections to confirmation of the arbitration award, a motion to abstain, a motion to remand, and a motion for withdrawal of the reference. In December 2017, after a hearing, the bankruptcy court granted Energy Exploration's motion to confirm the arbitration award as to the debtor, TRU Exploration, LLC, and granted the motion filed by Trubenbach and Burton to remand the proceeding back to the trial court for consideration of all other matters filed therein with respect to the nondebtor defendants.

Energy Exploration also filed a motion to dismiss the interlocutory appeal still pending in this Court, asserting that the appeal was moot because the arbitration that appellants sought in this appeal had already occurred. Upon receipt of the bankruptcy court's order discharging the Chapter 7 trustee and closing the Chapter 7 bankruptcy case, this Court reinstated the appeal. [3] We then issued a memorandum opinion on April 27, 2018, which concluded that because arbitration had been conducted and an award issued, the controversy no longer existed and the appeal was moot.

---

[3] The bankruptcy case of the debtor was closed on February 21, 2018, and the automatic stay terminated on that date.

We vacated our previous order staying the trial court proceedings, we vacated the trial court's order denying appellants' motion to stay litigation and compel arbitration, we granted Energy Exploration's motion, and we dismissed the appeal.

In May 2018, Energy Exploration filed an amended motion to confirm the arbitration award in the trial court. Trubenbach and Burton opposed confirmation and sought to have the award vacated. They denied being parties to any agreement that contains an arbitration provision and asserted that they did not agree to arbitrate the claims set out in Energy Exploration's arbitration demand. They argued that the arbitrator exceeded his authority by entering an award against non-parties and by ruling on the issue of arbitrability. After a hearing on these issues, the trial court entered a final judgment, granting Energy Exploration's motion to confirm the arbitration award, denying Trubenbach and Burton's motion to vacate the arbitration award, and confirming the final award of the arbitrator against TRU Exploration "Creating TRU Partners," L.L.C., Trubenbach, Kuehl, and Burton. After their motion for new trial was overruled by operation of law, Trubenbach and Burton filed their notice of appeal.

## II. DISCUSSION

We begin with the foundational principle that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). A party seeking to compel arbitration must establish (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims at issue fall within the agreement's scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *VSR Fin. Servs., Inc. v. McLendon*, 409 S.W.3d 817, 827 (Tex. App.—Dallas 2013, no pet.). The United States Supreme Court has repeatedly emphasized that arbitration is a matter of consent, not coercion, that the FAA does not require parties to arbitrate when they have not agreed to do so, and that its purpose is to make

arbitration agreements as enforceable as other contracts, but not more so. *Roe v. Ladymon*, 318 S.W.3d 502, 510 (Tex. App.—Dallas 2010, no pet.) (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989)).

Non-signatories are normally not bound by arbitration agreements between others. *Ladymon*, 318 S.W.3d at 511. However, non-signatories to a contract containing an arbitration clause may be allowed or required to arbitrate if rules of law or equity would apply the contract to them generally. *Id*. Whether a claim involving a non-signatory must be arbitrated is a "gateway matter" for the trial court that is subject to de novo review on appeal. *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 629 (Tex. 2018).

## A. Arbitrability

Appellants' first and second issues pertain to the issue of arbitrability. They first contend that the arbitrator exceeded his authority by determining arbitrability. Second, in the alternative, they urge that if the trial court made an independent determination as to arbitrability, that decision was incorrect. Energy Exploration responds that because appellants repeatedly asserted that the underlying dispute was arbitrable and that arbitration should be compelled, they "cannot maintain assertions of fact regarding arbitrability that are contrary to their previous representations to the trial court and this Court."

Absent clear and unmistakable evidence that the parties agreed to the contrary, the primary power to decide arbitrability resides with the court, not the arbitrator. *Elgohary v. Herrera*, 405 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Accordingly, we first consider whether the parties "clearly and unmistakably agreed" to submit arbitrability to the arbitrator. Trubenbach and Burton first attempted to persuade the trial court that Energy Exploration's claims were arbitrable. The trial court did not rule on arbitrability; it simply denied their motion to compel

arbitration. Trubenbach and Burton then urged that the claims were arbitrable in their interlocutory appeal to this Court. Energy Exploration ultimately conceded the issue and agreed to proceed to arbitration. So for this brief moment in time, all of the parties appeared to have consented to arbitration and appeared to be in agreement regarding arbitrability. Of course, this "agreement" only lasted until Energy Exploration informed Trubenbach and Burton that it agreed to their demand for arbitration. Thereafter, all parties continued to urge that the claims were arbitrable— just not in the same proceeding.

Relying primarily upon the bankruptcy court's order lifting the stay to allow the arbitration to proceed, the arbitrator concluded that the AAA had jurisdiction over the dispute and there was an arbitral issue. When, as in this case, the arbitrator determined arbitrability even though it was a question for the trial court, we ordinarily would remand for the trial court to consider the issue. *See Southwinds Express Constr., LLC v. D.H. Griffin of Texas, Inc.*, 513 S.W.3d 66, 73 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Elgohary*, 405 S.W.3d at 793–94. However, in this case, the trial court has already considered arbitrability. According to its final judgment, the court reviewed the parties pleadings which included their arguments as to arbitrability[4] and at a hearing on June 22, 2018, the court heard arguments made by the parties that included their arguments regarding arbitrability. The trial court then entered a final judgment expressly denying the motion to vacate arbitration award filed by Trubenbach and Burton and confirming the final award entered by the arbitrator. In denying appellants' motion, the trial court necessarily concluded that the arbitrator did not exceed his authority by ruling on arbitrability. Because the trial court has made an independent determination that the claims were arbitrable, we review the trial court's determination de novo. *See Southwinds Express*, 513 S.W.3d at 73; *Ladymon*, 318 S.W.3d at 518.

---

[4] In their First Amended Motion To Vacate Arbitration Award and Supporting Memorandum of Law, Trubenbach and Burton argued that the arbitrator exceeded his powers by ruling on arbitrability.

The parties do not dispute that appellants were non-signatories to the subscription agreements that contained the arbitration agreements. Burton did not sign the subscription agreements, and Trubenbach signed only in his representative capacity. However, appellants argued—to the trial court and to this Court during their interlocutory appeal—that even though they were non-signatories, they were entitled to compel Energy Exploration to arbitration under three legal theories—agency, equitable estoppel, and third-party beneficiary status. They argued that Energy Exploration judicially admitted that the TRU Defendants were parties to the subscription agreements. They also argued that they were entitled to enforce the arbitration agreement as agents of the joint ventures, and as third party beneficiaries of the subscription agreements.

According to the record, Energy Exploration finally decided to acquiesce to appellants' demands for arbitration in an effort to move the case forward. Energy Exploration asserts that it never attempted to compel appellants to arbitration; instead, it "initiated arbitration *at Appellants' own request*, while Appellants were asking this Court to order the same." (Emphasis in original). In other words, Trubenbach and Burton sought to compel arbitration and Energy Exploration consented. "[A]llowing willing non-signatories to compel arbitration with a party to the arbitration agreement simply precludes a signatory from avoiding arbitration with a party when the issues the non-signatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Shillinglaw v. Baylor Univ*., No. 05-17-00498-CV, 2018 WL 3062451, *3 (Tex. App.—Dallas June 21, 2018, pet. denied) (mem. op.) (citing *In re Vesta Ins. Grp., Inc*., 192 S.W.3d 759, 762–63 (Tex. 2006) (per curiam)). "In that situation, all parties to the requested arbitration have agreed to forego their right to a judicial forum." *Id*. However, instead of being pleased that Energy Exploration had acquiesced to their demands for arbitration, for the next three years appellants argued to the arbitrator, the United States Bankruptcy Court, and the trial court,

that Energy Exploration could not compel them to arbitration because they were not signatories to the arbitration agreements.

Appellants urge that "context matters." They argue that as non-signatories, they can compel Energy Exploration to arbitration but Energy Exploration cannot compel them to arbitration. But this is not a case in which non-signatories first moved to compel arbitration, then later changed their minds, withdrew their consent, and proceeded with the litigation in a judicial forum. Here, appellants urged diametrically opposing positions in two different courts *at the same time*.[5] According to the record, appellants continued their efforts to compel arbitration with Energy Exploration from January 15, 2015, the date on which they filed their motion to compel arbitration, until April 27, 2018, the date on which this Court entered its memorandum opinion vacating and dismissing their appeal as moot because the arbitration had been conducted and an award had been issued. *See TRU Exploration, LLC v. Energy Exploration I, LLC*, No. 05-15-00217-CV, 2018 WL 1980366, *1 (Tex. App.—Dallas April 27, 2018, no pet.) (mem. op.).

We conclude that by seeking to compel arbitration, appellants subjected themselves to the subscription agreements' terms, including the arbitration provisions. Their conduct in claiming rights under the arbitration agreement and their conduct throughout the course of this proceeding clearly reflected their willingness to forego their right to a judicial forum. *See Shillinglaw*, 2018 WL 3062451, at *3. Accordingly, the trial court did not err in confirming the arbitration award. We overrule appellants' first and second issues.

## B.  Waiver

In their third issue, appellants argue that the arbitrator's award should be vacated because Energy Exploration waived its right to enforce the arbitration provisions. Citing *Henry v. Cash*

---

[5]  Appellants' actions are akin to behavior prohibited by the invited error doctrine—a party may not complain of an error which the party invited.  *See Haler v. Boyington Capital Grp., Inc*., 411 S.W.3d 631, 637 (Tex. App.—Dallas 2013, pet. denied) (citing *In re Dep't of Family & Protective Servs*., 273 S.W.3d 637, 646 (Tex. 2009)).

*Biz, LP*, 551 S.W.3d 111 (Tex. 2018) and *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008) to support their position, appellants argue that Energy Exploration waived its right to invoke arbitration by substantially invoking the judicial process in a manner inconsistent with its claimed right to compel arbitration. Appellants complain that by filing its lawsuit and initially refusing to arbitrate, Energy Exploration obtained the benefit of receiving a temporary restraining order and an order requiring the production of documents detailing the location and disposition of money it invested in TRU Exploration, as well as documentation regarding all transfers of funds made to certain recipients. In response, Energy Exploration asserts that it did not seek to compel appellants to arbitration; instead, Energy Exploration acquiesced to appellants' motion to compel arbitration. Therefore, whether it possessed a right to compel arbitration, or subsequently waived such right, is not at issue.

"[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes*, 258 S.W.3d at 589–90. "Due to the strong presumption against waiver of arbitration, this hurdle is a high one." *Id*. at 590. We conclude that appellants have not cleared the hurdle in this case.

In considering whether a party has substantially invoked the judicial process, courts consider a wide variety of factors and look to the specifics of each case. *Henry*, 551 S.W.3d at 117; *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015). The necessary conduct must go beyond merely filing suit or seeking initial discovery. *Perry Homes*, 258 S.W.3d at 590.

In this case, Energy Exploration filed suit and sought initial discovery. Appellants immediately filed their motion to stay the litigation and compel arbitration. After the trial court denied their motion, appellants promptly filed an interlocutory appeal. At that point, only three months after filing its original petition, Energy Exploration acquiesced to the appellants' demand

–11–

for arbitration. Three months is not a substantial delay relative to the timeline of this case as a whole. *See G.T. Leach Builders*, 458 S.W.3d at 514. The parties had not engaged in extensive discovery and had not filed merits-based motions. The case had not been set for trial. Indeed, the only prejudice claimed by appellants is the legal expenses incurred in pursuing their motion to compel arbitration. Considering the totality of the circumstances, we conclude that Energy Exploration did not substantially invoke the judicial process to appellants' detriment or prejudice. *See Perry Homes*, 258 S.W.3d at 589–91 (adopting totality-of-the-circumstances test). We decline to find waiver under these circumstances. *See G.T. Leach Builders*, 458 S.W.3d at 514–15. We overrule appellants' third issue.

### III. CONCLUSION

Based upon our conclusions above, we affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

181090f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRENT TRUBENBACH AND DONNA
BURTON, Appellants

No. 05-18-01090-CV          v.

ENERGY EXPLORATION I, L.L.C. AND
ENERGY EXPLORATION II, L.L.C.,
Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-00031-2015.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees ENERGY EXPLORATION I, L.L.C. and ENERGY
EXPLORATION II, L.L.C. recover their costs of this appeal from appellants TRENT
TRUBENBACH and DONNA BURTON.

Judgment entered this 27th day of March, 2020.