# IN THE SUPREME COURT OF TEXAS

No. 19-0959

IN THE INTEREST OF G.X.H., JR. AND B.X.H., CHILDREN

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

JUSTICE GUZMAN, joined by JUSTICE BUSBY, concurring.

The unique bond between parent and child is a blessing that is cherished by parents and essential to the child's long-term well-being and development. The parent-child relationship is so important and so precious that the highest constitutional protection is afforded to the family decision-making process. Indeed, the right of parents to "the companionship, care, custody, and management" of their children has been recognized as fundamental, foundational, and formative.[1] The ties that bind parent to child can be severed, strained, or broken but they are nonetheless

---

[1] *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (plurality op.); *id.* at 80 (Thomas, J., concurring); *id.* at 87 (Stevens, J., dissenting); *In re D.S.*, 602 S.W.3d 504, 518 (Tex. 2020) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982)); CENTERS FOR DISEASE CONTROL AND PREVENTION'S NATIONAL CENTER FOR INJURY PREVENTION AND CONTROL, ESSENTIALS FOR CHILDHOOD: CREATING SAFE, STABLE, NURTURING RELATIONSHIPS AND ENVIRONMENTS FOR ALL CHILDREN https://www.cdc.gov/violenceprevention/pdf/essentials-for-childhood-framework508.pdf (last visited Apr. 19, 2021) ("Safety, stability, and nurturing are three critical qualities of relationships and environments that make a difference for children as they grow and develop."); THE OPEN UNIVERSITY, ATTACHMENT RELATIONSHIPS: QUALITY OF CARE FOR YOUNG CHILDREN, EARLY CHILDHOOD IN FOCUS 1, (John Oates ed. 2007), http://oro.open.ac.uk/10292/1/ECiF1as_BvLFweb.pdf (exploring attachment relationships, which offer children physical and emotional security and consistent care and attention).

transcendental and irreplaceable.[2]  For these reasons, efforts to terminate parental rights may not be undertaken without utmost regard for the gravity of the interests at stake.

Disposition of this appeal turns on the construction of a statute designed to encourage the prompt resolution of government-initiated suits to permanently sever the parent–child relationship or to appoint the Department of Family and Protective Services as a child's conservator.[3]  In concluding the trial court was not required to set forth Section 263.401(b)'s requisite findings in writing, the Court meticulously adheres to the principles of statutory construction that have long-guided our role as facilitators of legislative intent.  I fully join the Court's opinion and concur in the analysis and reasoning.  But I write separately to emphasize that the Court's ruling today does not sanction an abdication of the duty to affirmatively make the findings Section 263.401(b) requires before the legislatively mandated dismissal date can be extended.

In addition to the statute's express language, our case law and the statutory history firmly support the necessity and importance of findings that extending the dismissal date is warranted because (1) "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department" and (2) an extension "is in the best interest of the child."[4]  As the Court notes, a previous version of the statute did not provide for automatic dismissal if the trial court failed to make the appropriate findings.[5]  Rather, parents had to seek

---

[2] *See Colossians* 3:14 ("Love is more important than anything else.  It is what ties everything completely together.").

[3] *See* TEX. FAM. CODE § 263.401(a).

[4] *Id.* § 263.401(b).

[5] *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396–97, *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 3, 2007 Tex. Gen. Laws 1837, 1838, *amended by* Act of May 28, 2017, 85th Leg., R.S., ch. 319, § 13, 2017 Tex. Gen. Laws 713, 719.

dismissal through a timely filed motion and, failing that, any complaint about noncompliance with the dismissal deadline was waived.[6] As presently enacted, however, the statute makes dismissal automatic, and *divests the trial court of jurisdiction*, if the court fails to make the findings required to extend the dismissal deadline.[7] This stricter standard illustrates the importance the Legislature has placed on satisfaction of the extension criteria and findings to that effect.

The legislative history to the enacting amendment further bolsters the significance the Legislature placed on affirmative findings as a predicate to extending the deadline. The bill analysis for the enrolled legislation states the statutory changes were intended to "improve[] accountability throughout the Child Protective System (CPS) system[.]"[8] Section 263.401 holds the Department accountable by requiring the trial court to determine whether "*extraordinary circumstances*" warrant the Department's continued conservatorship of a child after the automatic dismissal date. This provision helps ensure that stability is achieved for both parent and child as expeditiously as possible and that neither is separated from the other longer than reasonably necessary to resolve the charges leading to the child's placement in the Department's custody.

Our precedent also supports the solemnity of a trial court's duty to determine whether the Department's continued custody of a child is both necessary and in the child's best interest. Our opinion in *In re Department of Family & Protective Services* holds that a trial court's order purporting to extend the automatic dismissal date without the requisite Section 263.401(b) findings

---

[6] *Id.*

[7] TEX. FAM. CODE § 263.401(a)–(b).

[8] Senate Comm. on Health and Hum. Servs., Bill Analysis, Tex. S.B. 11, 85th Leg., R.S. (2017).

is insufficient to extend the dismissal deadline.[9]  Although *In re Department* was interpreting the prior version of Section 263.401, the Court's reaffirmation of this decision today demonstrates its continued application with respect to the current version of the statute.

Despite the vital importance of the statutorily mandated findings, the Legislature chose not to require the trial court to reduce those findings to writing, as is the Legislature's prerogative for whatever policy reasons it finds compelling.  Perhaps today's ruling is not the outcome the Legislature envisioned, but as the Court's statutory construction analysis illustrates, the outcome is within statutory bounds.  With these additional thoughts, I join the Court's opinion.

_____

Eva M. Guzman
Justice

**OPINION DELIVERED:** April 30, 2021

---

[9] 273 S.W.3d 637, 643 (Tex. 2009).