

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00021-CV

---

IN THE MATTER OF THE MARRIAGE OF
ROBBIE LYNN TEAGUE AND LEIGH TEAGUE

---

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 20D1267-CCL

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

The trial court entered a decree of divorce between Robbie Lynn Teague and Leigh Teague. In her pro se appeal of the trial court's property division, Leigh argues that the trial court erred by (1) setting aside a mediated settlement agreement (MSA), (2) allegedly incorrectly defining the term "personal property" as it was referenced in the MSA, (3) making offsets only in Robbie's favor after appointing a receiver to sell their community property, and (4) showing undue bias.

We overrule Leigh's first point of error because she invited the trial court to set aside the MSA after stating that she had been coerced into signing it. Because it was set aside, we find Leigh's complaint of the trial court's interpretation of the MSA meritless. We also find that Leigh has not adequately briefed any error in the trial court's property division, including the offsets to Robbie, and has failed to show any undue bias by the trial court. As a result, we affirm the trial court's judgment.

## I. Factual and Procedural Background

Robbie filed a petition for divorce from Leigh, prompting a counterpetition from her. By standing order, the trial court informed Robbie and Leigh that they were prohibited from selling, transferring, destroying, or removing either party's personal property or real estate.

Leigh filed a motion for a temporary hearing that was opposed by Robbie because he believed it would be a waste of community resources since there were no children of the marriage and the issues in the case were narrow. The trial court denied the motion for a temporary hearing and set the case for final hearing on December 9, 2020.

On December 7, the parties signed a MSA, which provided, among other things, that each party would retain the personal property in their possession, that Robbie would be awarded real estate and a mobile home, and that Robbie would absorb the debt on the mobile home. Pursuant to that agreement, Leigh would be required to vacate the mobile home within thirty days of receiving a payment of $5,000.00 from Robbie, with the understanding that he would be required to pay another $45,000.00 to compensate Leigh for her interest in the real estate. The MSA also required that there be "no change in condition of property by wife." The MSA was signed by both parties and their counsel and otherwise met the requirements set forth in Section 6.602 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 6.602.

On January 15, 2021, Leigh's counsel moved to withdraw from her representation, and the motion was granted by the trial court. As a result, Leigh represented herself at the March 17 final hearing.

At the hearing, Robbie testified that his marriage to Leigh was irreconcilable and prayed for the trial court to grant him a divorce. According to Robbie, after the divorce petition was filed and the standing order issued, Leigh "[i]mmediately started posting pictures on Facebook of stuff for sale, household furniture," and began selling community property in violation of the trial court's standing order. Robbie made a video recording of everything inside of the home on the day of mediation and testified in detail as to the items Leigh had sold and the value of each missing item, which together totaled $9,260.00. According to Robbie, Leigh also used their joint $1,200.00 stimulus check to pay her bills. Robbie also testified that, after he paid $5,000.00 to

3

Leigh under the MSA's terms, he discovered that he was unable to secure financing for the real property unless he removed the mobile home.[1]

Leigh explained that she thought she could sell the personal property because she was currently living on the real property in the mobile home. Robbie testified that, by signing the MSA, he thought the agreement was "what was hers was hers, what was mine was mine, and then everything else had to be split," not that Leigh would be awarded every piece of personal property located on the real property or in the mobile home.

Leigh testified that her counsel advised her that any community property in her possession would belong to her. Accordingly, Leigh argued that she had just sold community property that was already awarded to her in the MSA. Even so, Leigh testified that she had been coerced into signing the MSA and said to the trial court, "I'd love to set aside the mediated settlement agreement. I want to keep my land."

After the hearing, the trial court entered a final decree of divorce that set aside the MSA "for lack of ability to comply." Instead, the trial court appointed a receiver to sell all personal and real property existing in the community estate. The trial court found that Robbie should receive a $9,300.00 offset that included $5,000.00 for the money he had already paid to Leigh under the MSA, $4,000.00 for the community property she sold, and $300.00 for the joint stimulus check used by Leigh. The trial court ordered that the remaining proceeds of the receiver's sale be divided equally among the parties.

---

[1]Even though the MSA required Robbie to pay the mortgage, he was two months behind on this payment.

4

## II.     Leigh Invited the Trial Court to Set Aside the MSA

Leigh argues that the trial court erred by setting aside the MSA because it complied with Section 6.602 of the Texas Family Code.  Yet, the record of the final hearing demonstrates that Leigh testified that she was coerced into signing the MSA and wanted the trial court to set it aside.  "When a party requests a trial court to take an action, the doctrine of invited error prohibits that party from complaining of the [alleged] error on appeal."  *Matter of Marriage of Collinsworth*, 598 S.W.3d 357, 363 (Tex. App.—Texarkana 2020, no pet.) (citing *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 588 n.17 (Tex. App.—Texarkana 2012, no pet.) (citing *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009))).  Because the doctrine of invited error bars Leigh's complaint, we overrule her first point of error.

## III.    Leigh's Second Point of Error is Meritless

Next, Leigh argues that the trial court erred in interpreting the term "personal property" as it appeared in the MSA's directive that each party would be awarded the personal property in their possession.  Because the trial court set aside the MSA, it did not interpret that term as it appeared there.  As a result, we find that Leigh's second point of error is without merit.

## IV.    Leigh Has Failed to Adequately Brief any Error in the Property Division

The trial court's judgment ordered a receiver to be appointed to sell the parties' community property.  The proceeds of the sale were to be divided equally.  Leigh has failed to adequately brief any complaint that this equal division of the parties' community property was

not just and right.  *See* TEX. R. APP. P. 38.1.[2]  Instead, Leigh argues that the trial court erred in providing offsets to Robbie and not to her.  Leigh's argument mistakenly assumes that the trial court punished her for selling community assets.  That is not the case.

Robbie was given an offset because the uncontested evidence at the final hearing showed that Leigh sold property belonging to the community to third parties, was given money under the MSA that was set aside and no longer applied, and spent the parties' joint stimulus check.  The amount of the offset for property Leigh sold was less than one-half the value of the property, according to Robbie's testimony.  While there was testimony that community property remained in Robbie's possession, nothing showed that Robbie sold those assets to third parties.  As a result, no offset was owed to Leigh because the receiver was charged with gathering all community assets from both parties and dividing them equally after paying the offsets owed to Robbie.[3]

---

[2]"The Texas Rules of Appellate Procedure require that a brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'"  *Kennedy v. Jones*, No. 06-19-00068-CV, 2020 WL 62022, at *3 (Tex. App.—Texarkana Jan. 7, 2020, no pet.) (mem. op.) (quoting *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 WL 3334617, at *3 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.) (citing TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) ("recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing"))).  "The appellate court has no duty to brief issues for an appellant."  *Id.*  The only citation to authority in Leigh's brief refers only to her first two points of error, and there is no authority cited to support her remaining complaints.

"Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel."  *Id.* (quoting *Hollis*, 2019 WL 3334617, at *3).  "To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney."  *Id.* (quoting *Hollis*, 2019 WL 3334617, at *3).

[3]Leigh also complains that there was no offset for "the past due mobile home payments," but fails to explain why such an offset was due given that the MSA was set aside.

6

In sum, we find that Leigh has failed to adequately brief any error in the trial court's property division, and we overrule her arguments that were based on a misunderstanding of the trial court's rulings and the law.

## V.     Leigh Has Failed to Show Any Undue Bias by the Trial Court

Leigh argues that the trial court's denial of the temporary hearing showed undue bias, as did allegedly denying her a closing argument and failing to provide an offset to her for community property funds that were kept by Robbie.  However, Leigh's complaint about a temporary hearing is inadequately briefed and moot, and her complaint that the trial court denied her a closing argument is meritless since the record showed that Leigh made a closing argument.  Also, as discussed above, nothing showed that Leigh was entitled to any offsets.  For these reasons, and because Leigh does not cite any authority to support this point of error, we overrule Leigh's complaints about undue bias.

## IV.     Conclusion

We affirm the trial court's judgment.


Ralph K. Burgess
Justice


Date Submitted:        July 29, 2021
Date Decided:         November 24, 2021


7