# Supreme Court of Texas

No. 23-0534

Mario Rodriguez,

*Appellant*,

v.

Safeco Insurance Company of Indiana,

*Appellee*

On Certified Question from the United States
Court of Appeals for the Fifth Circuit

**Argued October 4, 2023**

JUSTICE BLACKLOCK delivered the opinion of the Court.

The Fifth Circuit asks the following certified question: "In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?" As explained below, the answer is yes.

## I.

The certified question arises from a dispute between a homeowner, Mario Rodriguez, and his insurance company, Safeco

Insurance Company of Indiana. On May 25, 2019, a tornado struck Rodriguez's home. Safeco issued a payment of $27,449.88, which Rodriguez accepted. Rodriguez's counsel told Safeco it owed an additional $29,500 and threatened to sue.

Rodriguez sued on June 18, 2020. He brought several claims, including breach of contract and statutory claims under the Insurance Code. We understand the parties to agree that Chapter 542A of the Insurance Code governs any attorney's fees award Rodriguez might seek for any of his claims. Safeco removed the case to federal court, alleging diversity jurisdiction.

After an unsuccessful mediation, Safeco invoked the insurance policy's appraisal provision.[1] On April 5, 2022, the appraisal panel valued the damage at $36,514.52. On April 12, 2022, after subtracting prior payments and other amounts, Safeco issued a check to Rodriguez for $32,447.73, which it viewed as full payment of the appraisal amount due under the policy. Rodriguez does not dispute that Safeco fully paid the appraised amount or that Safeco did so in a timely fashion in response to the appraisal. At the same time, Safeco paid an additional $9,458.40, which it claimed would cover any interest possibly owed on the appraised amount.

---

[1] The policy's appraisal provision says that either the insured or insurer can demand an appraisal, then each selects an appraiser, and then the two appraisers select an umpire. The two appraisers "shall then resolve the issues surrounding the loss [and] appraise the loss," or, if the appraisers disagree, they will submit the matter to the umpire, and then "any two of these three . . . shall determine the amount of the loss."

Safeco moved for summary judgment, arguing that its full payment of the appraisal plus interest should put an end to the litigation, including any attempt by Rodriguez to recover attorney's fees. Safeco contended that section 542A.007 of the Insurance Code foreclosed Rodriguez's request for attorney's fees. Section 542A.007 provides:

(a) Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of:

(1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;

(2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or

(3) the amount calculated by:

(A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and

(B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

The parties disputed the calculation of attorney's fees under subsection (a)(3). Safeco argued that its pre-trial payment of the

3

appraised amount plus any possible statutory interest fully discharged its obligations to Rodriguez under the insurance policy, which means there will never be a "judgment to the claimant . . . under the insurance policy" on which to base the calculation described by subsection (a)(3). The district court agreed with Safeco and dismissed the case. 2022 WL 6657888 (N.D. Tex. Oct. 3, 2022).

Rodriguez appealed to the Fifth Circuit, which certified the question quoted above. 74 F.4th 352 (5th Cir. 2023); *see* TEX. CONST. art. V, § 3-c; TEX. R. APP. P. 58.1. As the Fifth Circuit noted, courts are split on this question. Some have held that Chapter 542A precludes attorney's fees when an insurer pays the appraised amount under the insurance policy,[2] while other courts have held that such a payment does

---

[2] *See Kester v. State Farm Lloyds*, No. 02-22-00267-CV, 2023 WL 4359790, at \*3 (Tex. App.—Fort Worth July 6, 2023, pet. dism'd by agr.); *Rosales v. Allstate Vehicle & Prop. Ins. Co.*, 672 S.W.3d 146, 153 (Tex. App.—Dallas 2023, pet. filed); *McCall v. State Farm Lloyds*, No. 3:22-CV-1712-B, 2023 WL 5311485, at \*1 (N.D. Tex. Aug. 17, 2023); *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at \*5 (E.D. Tex. Mar. 30, 2023); *Arnold v. State Farm Lloyds*, No. H-22-3044, 2023 WL 2457523, at \*5 (S.D. Tex. Mar. 10, 2023); *Kahlig Enters., Inc. v. Affiliated FM Ins. Co.*, No. SA-20-CV-01091-XR, 2023 WL 1141876, at \*8 (W.D. Tex. Jan. 30, 2023); *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-cv-102, 2022 WL 17828980, at \*10 (S.D. Tex. Nov. 14, 2022); *Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at \*8 (W.D. Tex. Aug. 24, 2022); *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-cv-00066, 2021 WL 4311114, at \*10 (S.D. Tex. Sept. 21, 2021); *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. H-19-3992, 2020 WL 6123131, at \*6 (S.D. Tex. Aug. 20, 2020); *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, 474 F. Supp. 3d 869, 876 (S.D. Tex. 2020); *Pearson v. Allstate Fire & Cas. Ins. Co.*, No. 19-CV-693-BK, 2020 WL 264107, at \*4 (N.D. Tex. Jan. 17, 2020).

4

not necessarily preclude attorney's fees.[3]  For the following reasons, we conclude that section 542A.007 of the Insurance Code prohibits an award of attorney's fees when an insurer has fully discharged its obligations under the policy by voluntarily paying the appraised amount, plus any statutory interest, in compliance with the policy's appraisal provisions.

## II.

## A.

Chapter 542 of the Insurance Code imposes deadlines for the payment of certain insurance claims.  TEX. INS. CODE §§ 542.057–.059. Failure to meet these deadlines results in statutory liability for interest and "reasonable and necessary attorney's fees."  *Id.* § 542.060. Subchapter B of Chapter 542, which contains these provisions and others, is sometimes called the "Prompt Payment of Claims Act."  *See, e.g.*, *Lazos v. State Farm Lloyds*, 601 S.W.3d 783, 783 (Tex. 2020).

In 2017, the Legislature added Chapter 542A to the Insurance Code.  *See* TEX. INS. CODE §§ 542A.001–.007.[4]  Chapter 542A governs

---

[3] *See Saleme v. State Farm Lloyds*, No. 1:18-CV-00632-MAC-ZJH, 2021 WL 4206177, at *5 (E.D. Tex. Aug. 27, 2021); *Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-4411, 2021 WL 2211799, at *4 (S.D. Tex. June 1, 2021); *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020); *Moncivais v. Allstate Tex. Lloyds*, No. 5-18-CV-00525-OLG-RBF, 2020 WL 5984058, at *5 (W.D. Tex. Oct. 8, 2020); *Mancha v. Allstate Tex. Lloyd's*, No. 5:18-cv-00524-OLG, 2020 WL 8361926, at *3 (W.D. Tex. Feb. 26, 2020); *Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019).

[4] Although the certified question refers to Chapter 542A as part of the "Texas Prompt Payment of Claims Act," that label is more commonly associated with Subchapter B of Chapter 542.  *See, e.g.*, *Lazos*, 601 S.W.3d at

first-party claims by an insured that arise "from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." *Id.* § 542A.001(2)(C). When it applies, Chapter 542A changes the rules applicable to the litigation of certain statutory and common-law claims against insurers, including claims asserting violations of Chapter 542's prompt-payment requirements. *Id.* § 542A.002 (describing applicability of Chapter 542A). We understand the parties to agree that Chapter 542A governs Rodriguez's claims.

Among its many other provisions, Chapter 542A limits the recovery of attorney's fees. *Id.* § 542A.007 (quoted above). Rodriguez acknowledges that section 542A.007's restrictions on attorney's fees apply to his claims. He likewise does not dispute that Safeco has paid the full appraisal amount plus interest. With these undisputed matters established, we understand the Fifth Circuit to ask a purely legal question about Chapter 542A's effect on the availability of attorney's fees: Does Chapter 542A prohibit the recovery of attorney's fees when an insurer in Safeco's position has paid the full appraisal award plus any possible statutory interest? The answer is yes.

We need not and should not seek the answer from any source other than the statute's plain language. The Legislature's "voted-on language is what constitutes the law, and when a statute's words are

---

783. Of course, various provisions of the Insurance Code governing insurance litigation may overlap and interact with one another irrespective of their association with a particular legislative act. In pursuit of clarity, we will refer to the section and chapter numbers of the Insurance Code.

6

unambiguous and yield but one interpretation, 'the judge's inquiry is at an end.'" *Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013) (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006)).

Although the mathematical calculation described by section 542A.007(a)(3) is somewhat detailed, it is not unclear or ambiguous. The allowable amount of attorney's fees is "calculated by . . . [first] dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property" by another amount. TEX. INS. CODE § 542A.007(a)(3)(A). The fraction generated by this initial step (which can be greater or less than 1) is then multiplied "by the total amount of reasonable and necessary attorney's fees supported at trial . . . ." *Id.* § 542A.007(a)(3)(B).

When the statutorily required calculation is applied to Rodriguez's case, a problem arises at the first step of the formula. Because the insurer has already paid all amounts owed under the insurance policy plus any possible statutory interest, there is not and never will be an "amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy." *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132–33 (Tex. 2019) (holding that an insurer's payment of the appraisal award discharges its obligations under the policy). When there is no "amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy," the numerator of the fraction described by subsection (a)(3)(A) does not exist—which means the fraction's value is zero (or

7

non-existent). Multiplying this zero-value by another number, as required in the calculation's second step, can never yield a non-zero amount of attorney's fees. As a result, in this case and others like it, there will never be a non-zero amount of permissible attorney's fees under the formula described in section 542A.007(a)(3).

Section 542A.007(c) reinforces the mathematical result already dictated by subsection (a)(3). It says: "The court may not award attorney's fees to the claimant if the amount calculated under Subsection (a)(3)(A) is less than 0.2." In cases like this one, "the amount calculated under Subsection (a)(3)(A)" is less than 0.2. Subsection (c) therefore operates as an affirmative bar on any award of attorney's fees to a claimant in Rodriguez's position. In other words, even if the zero-value of the fraction described by subsection (a)(3)(A) left the door open to some other method of calculating attorney's fees, subsection (c) closes that door by prohibiting courts from awarding fees to the claimant when the subsection (a)(3)(A) calculation yields a result less than 0.2, as is the case here.[5]

---

[5] If the result of the calculation under (a)(3) is non-existent—as opposed to zero—a math stickler might argue that because there is no amount at all, we cannot say that the amount is less than 0.2. Of course, the statute is concerned with calculating amounts of money, not with number theory. We do not think the mathematical distinction between a zero value and a non-existent value makes any difference to the statutory calculation. "[T]he amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is *the lesser of*" the three amounts described by subsections (a)(1), (a)(2), and (a)(3). TEX. INS. CODE § 542A.007(a) (emphasis added). Whether in theory the amount described by subsection (a)(3) has a zero value or a non-existent value, in practice the amount of money such a calculation makes available in attorney's fees will always be *less than* any non-zero amount of money.

It might be argued that Safeco's payment of the appraisal amount plus any possible statutory interest does not necessarily foreclose the possibility of a non-zero "judgment to [Rodriguez] for [his] claim under the insurance policy." But our recent decision in *Ortiz*, which involved an analogous appraisal provision, squarely forecloses that possibility. *Ortiz*, 589 S.W.3d at 127. In that case, Ortiz submitted a claim for wind and hail damage. Ortiz and State Farm disagreed over the amount due under the policy. After Ortiz sued, State Farm invoked the contractual appraisal process. We held "that an insurer's payment of an appraisal award in the face of similar allegations of pre-appraisal underpayment forecloses liability on a breach of contract claim." *Id.* at 132. We continued, "Thus, an enforceable appraisal award, like the one issued in this case, is binding on the parties with respect to that amount. . . . Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, State Farm complied with its obligations *under the policy*." *Id.* at 132–33 (emphasis added).

As in *Ortiz*, in this case there is no further amount that Rodriguez can recover in a "judgment to [Rodriguez] for [his] claim *under the insurance policy*." TEX. INS. CODE § 542A.007(a)(3)(A) (emphasis added). This is so because Safeco has discharged its liability under the policy by paying the appraisal amount plus any possible statutory interest. In other words, Safeco has "complied with its obligations under the policy," *Ortiz*, 589 S.W.3d at 133, so there is no remaining "amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy," TEX. INS. CODE § 542A.007(a)(3)(A). As a result, no attorney's fees are available under section 542A.007(a)(3)'s formula.

9

It makes no difference that insurers who pay appraisal awards under their policies may remain subject to the possibility of a judgment for claims *other than* a "claim under the insurance policy for damage to or loss of covered property." *Id.* It is the possibility of a judgment on *that* claim, rather than the possibility of a judgment on related statutory or common-law claims, that matters in section 542A.007(a)(3)'s formula. Our decision in *Barbara Technologies Corp. v. State Farm Lloyds* recognizes that an insurer's full payment of an appraisal award does not necessarily foreclose liability for a variety of claims insureds might bring. 589 S.W.3d 806, 827 (Tex. 2019). The parties and several helpful amici focus considerable attention on *Barbara Tech*. But *Ortiz*, which issued the same day as *Barbara Tech*, clarified that full payment of an appraisal award *does* discharge the insurer's liability for a claim under the insurance policy. Moreover, *Barbara Tech*—which was decided under the law as it existed prior to Chapter 542A—is primarily concerned with how and when an insurer's *liability* is established. *Id.* at 809, 813, 820. Section 542A.007(a)(3), on the other hand, is concerned not with whether the insurer is *liable* but with whether there is "an amount to be awarded in the *judgment*" against the insurer for a claim under the insurance policy. As explained above, there is not and never will be a money judgment on Rodriguez's claim under his insurance policy, so attorney's fees are unavailable.

We therefore agree with the many federal district courts that have held the same, including the district court in this case. As one court succinctly put it: "The plain language of Section 542A.007(a) makes clear that payment of the appraisal award [plus any possible

10

statutory interest] extinguishes a plaintiff's right to attorney's fees . . . . Because [the insured] received payment of the appraisal award which covers his claim under the insurance policy, he necessarily has no remaining 'claim under [his] insurance policy.'" *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at *5 (E.D. Tex. Mar. 30, 2023) (citing section 542A.007(a)(3)(A) and *Ortiz*).

**B.**

Rodriguez and supporting amici contend that the Legislature could not have intended Safeco's interpretation of Chapter 542A, which they fear will lead to abusive and unfair practices by insurance companies. The federal district court's reasoning in *Gonzalez v. Allstate Fire & Insurance Co.* exemplifies this line of argument:

> Allstate's interpretation of § 542A.007 would mean that insurers could systematically avoid liability for TPPCA attorney's fees by (i) first, paying only a small fraction of the alleged claim amount to a claimant, (ii) second, invoking appraisal, and (iii) third, only following appraisal, paying the difference and any interest owed to the claimant. Although it is true that the Texas legislature intended to place a limit on attorney's fees through § 542A.007, there is no indication that the Texas legislature intended to read attorney's fees out of [the] statute for all practical purposes.

No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019) (footnote omitted).

Rather than speculate about whether the Legislature intended recovery of attorney's fees to be likely, unlikely, or impossible, we should instead stick with the bedrock principle that the Legislature intends the courts to follow its instructions as written. In this instance, the

11

Legislature has required the use of a mathematical formula that yields zero attorney's fees in cases like Rodriguez's. Whatever else judges or litigants may believe the Legislature intended when it enacted Chapter 542A, we know with certainty that the Legislature instructed courts to use the mathematical formula described in section 542A.007(a)(3) when determining the amount of attorney's fees available to plaintiffs like Rodriguez. Whether we think the Legislature envisioned or anticipated the practical consequences of its attorney's-fees formula is beside the point. Much could be said about the oft-debated concept of "legislative intent," but this point is certain: The Legislature intends courts to follow its instructions. Few legislative instructions are as inescapable as a math formula. If the Legislature does not like the consequences of the instructions it has given the courts, it obviously has every right to change them.

"[I]t is not for courts to decide if legislative enactments are wise or if particular provisions of statutes could be more effectively worded to reach what courts or litigants might believe to be better or more equitable results." *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 645 (Tex. 2009). We have, however, often said that statutes should be construed to avoid genuinely absurd results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). But "the absurdity safety valve is reserved for truly exceptional cases, and mere oddity does not equal absurdity." *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013). Instead, the result must land in the realm of the "unthinkable or unfathomable." *Id.*

12

The unavailability of attorney's fees in cases like this one—or in any case—comes nowhere close to an unthinkable or unfathomable result. The default rule is the American Rule, under which parties pay their own attorney's fees. *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 41 (Tex. 2012). To the extent attorney's fees are available at all in cases like this one, they are only available because the Legislature has created an exception to the American Rule. The Legislature's later decision to restrict—or to eliminate entirely—an exception of its own creation and thereby to move back toward the default American Rule raises no absurdity concerns.

For these reasons, the answer to the certified question is yes.

James D. Blacklock
Justice

**OPINION DELIVERED:** February 2, 2024

13